Commonwealth ex rel. Smith, Appellant, *v.* Gillmor.

Argued March 12, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*John W. Speicher,* Assistant District Attorney, and with him *Oliver M. Wolff,* District Attorney, for appellant.

*H. W. Lee,* of *Stevens & Lee,* and with him *Ralph C. Body,* for appellee.

OPINION BY LINN, J., April 10, 1929:

By an order made at September Term, 1920, pursuant to the Act of April 13, 1867, P. L. 78, amended 1907, P. L. 6, a father was directed to pay $5 a week for the maintenance of his minor son, in the custody of his mother. That order was revoked December 22, 1928, on petition of the father; the mother has appealed.

The single reason for revoking the order is thus stated by the learned President Judge of the court below:

"As it appears that the child in this case has attained the age of 16 years and is physically and mentally sound, it will be presumed that he is capable of self-support, and the existing order of support is therefore revoked."

The testimony, if any was taken, is not printed; instead, the parties have filed what they designate a "Stipulation on behalf of Commonwealth and Defendant" which will be found in the reporter's statement of the case. We all agree that the facts are not sufficient to warrant the revocation.

When the order of support was made, certain facts were thereby determined, among them, that defendant deserted his wife and son, neglected to maintain his son, was of sufficient ability to pay $5 a week for the son's maintenance and that such maintenance was required. The status and obligation thus created would, of course, remain until changed by appropriate proceedings. To obtain a change, defendant filed a petition (not printed in the record) to revoke the order "on the ground that the child has become 16 years of age and is able to support itself." Neither the custody of the son nor the father's ability to pay are questioned in this appeal.

Our difficulty is that there is no evidence in the record that the son is able to support himself, as averred by his father. This court is not advised whether the minor can obtain employment at supporting wages; if he can, that fact should have been proved by the father; such essential and controlling element cannot be presumed for the purpose of revoking an order of maintenance; it is well known that the labor market value varies with place and time.

In appellee's brief it is said that it is the practice in many counties in the state "to revoke support orders for children, mentally and physically sound, when they arrive at the age of 16 years." This court is not familiar with that practice, and knows of no statute

that sustains it. Orders made under the Act of 1867 and similar legislation are subject to change from time to time on petition and proof, and it may be, that when a minor reaches the age when children are no longer required to attend a day school (1925, P. L. 131), and may be employed (1915, P. L. 286), a petition for revocation may be appropriately presented and granted. But until the legislature directs otherwise, such an order should not be revoked in the absence of a finding based on evidence (or agreement) that the minor can obtain, and is able to perform, employment at a supporting wage, though it may be shown that the minor's earning capacity, if not sufficient to support himself, may justify reduction in the amount payable by the father.

This conclusion, we think, is required by the legislation imposing liability on parents, grandparents and children, of sufficient ability, to relieve and maintain their poor; without regard to age, who are "not able to work": (see the legislation referred to in Commonwealth ex rel v. Milne, 90 Pa. Superior Ct. 68, 74). The ability to work referred to, presupposes that employment is available and therefore involves matter of fact, depending (with other relevant facts involved in such cases) on evidence.

Concerning a minor's education—referred to in the stipulation—we may add that in making orders for the support and maintenance of a child pursuant to the Act of 1867, it is the duty of a court to consider that the child must attend school as required by the compulsory school attendance law, supra; but for cases in which it appears that the minor has attained an age exempting him from compulsory school attendance, we are not prepared to state a general rule, preferring to leave discussion of the subject until it is

required; in this case the facts neither justify nor require it.*

The order appealed from is reversed and the record remitted for re-hearing.

*Note: On this subject, see generally: In re Harlan's Accounts .5 R. 323; Fitler v. Fitler, 33 Pa. 50, Wertz v. Blair Co; 66 Pa. 18; Middlebury College v. Chandler 16 Vt. 683; Turner v. Gaither, 83 N. C. 357: Mauldin v. Southern S. University, 126 Ga. 681; In the matter of Ryder, an infant, 11 Paige 185; International Text B. Co. v. Connelley, 206 N. Y. 188, 195; Peacock v. Linton, 22 R. I. 328; Cory v. Cook, 24 R. I. 421; Streitwolf v. Streitwolf, 58 N. J. Eq. 570; 20 R. C. L. sec. p. 626.