Com. of Pa. ex rel. *v.* Nolan, Appellant.

Argued September 25, 1933.

Before KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and JAMES, JJ.

*Albert G. Newton,* and with him *Sidney H. Mandel,*
for appellant.

*Charles H. Fleishman,* and with him *Charles F.
Kelley,* District Attorney, *Harry Kaufman,* Assistant
District Attorney and *Edward A. Kelly,* for appellee.

OPINION BY PARKER, J., December 16, 1933:

On January 25, 1933, the municipal court of Phila-
delphia, after hearing, made an order requiring the
defendant to pay to Lena Nolan, his former wife, the
sum of $7 per week from the date of the order to

November 1, 1933, for the support of their minor child then seventeen years of age. On March 2, 1933, the defendant, on petition for rehearing, offered to prove that an employer of boys was "ready to give this boy employment with the probability of earning between $7 to $15 a week." The petition for rehearing was dismissed and, on appeal to this court, the defendant assigned as errors the order of support and the dismissal of the petition for rehearing.

We will detail the facts which the court might have found from the evidence offered. James J. Nolan, Jr., had been living with his mother and attending high school. He had reached the sophomore year and would complete the then current term on November 1, 1933. While the boy had been a backward student, for he was eighteen years of age in March of 1933, he was then making progress and the mother thought it for the boy's best interest that he should complete the current term, and this the young man much desired to do. The father had a good position with a telephone company and at the time of the hearing was earning $59 per week, afterwards reduced to $54 per week, and was supporting a younger son fifteen years of age. The earnings of the mother from selling small articles and scrubbing were $24 per month. The various hearings before the court were informally conducted. In this manner there was submitted to the lower court by the parties, although not offered in evidence, an agreement that had been entered into between the father and mother whereby the defendant agreed to contribute for the support of their child the sum of $7 per week until November 1, 1933. We will assume for the purpose of disposing of this case that the young man could have secured employment at from $7 to $14 per week.

We held in the case of Com. v. Gillmor, 95 Pa. Superior Ct. 557, that an order of maintenance was improperly revoked when made upon the sole ground that

the boy had attained the age of sixteen years although the minor was in sound health mentally and physically, and that there is no presumption that he is at that age self-supporting. The same case came to this court on a second appeal (97 Pa. Superior Ct. 303) when we considered the liability of a father in a proceeding to compel support for the education of a minor child over the age of sixteen years. We there held that in a proceeding such as we have here, the father may be required to contribute a sum which will enable the child above the age of sixteen years to pursue his education in a public high school where it "reasonably accords with the father's financial ability and position in life, and the child's ability, progress and prospects." Due weight should be given to the desires and determinations of the parents who, by reason of the natural interest which they usually have in the welfare of their offspring and the intimate knowledge they possess of the ability and disposition of their children, are in a position where they should be able to determine that which is for the benefit not only of the child but of society in which such child must have a part. Taking into consideration the facts that the boy had then started in the current term which would be completed in November, the efforts which the mother had made to properly equip him, and the earnest desire of the boy to complete the term, we are of the opinion that the evidence supported the conclusions of the lower court. We are unable to discover any abuse of the discretion which is lodged in the lower court in such cases.

Appellant also complains of a portion of the final order which provided as follows: "The above order to run until November 1, 1933, at which time if child James has not graduated from school the father to provide a position." We agree with appellant that the lower court was without authority to require the

father to provide a position for his son, but we regard such part of the order as merely advisory and, therefore, surplusage. The order as made terminated on November 1, 1933, and we will affirm the order with such understanding. We have no doubt that the father will, without an order, use his best endeavors to find a position for his boy and lend his influence for his betterment.

The assignments of error are not sustained and the order of the lower court is affirmed.