## Commonwealth v. Behmer

*Philip H. Johnston*, district attorney, for Commonwealth.
*Edward J. Thompson*, for defendant.

FLEMING, P. J., April 13, 1934,—The defendant is before the court upon an action to determine his liability for the support and maintenance of a minor child, Jean Snare, also known as Jean Behmer.

· The defendant and his former wife, Margaret Behmer, are divorced, and the defendant has remarried. Of the union with the former wife, there are two sons now above the age of 16 years. For the support and maintenance of these sons the defendant is now under an order of support in this court, to no. 70, November sessions, 1932. The object of this inquiry, Jean Snare, alias Behmer, was brought into the home of the defendant and his former wife when they were still living together and when the child was but an infant. No adoption proceedings were had. There is a variance in the testimony as to the manner in which the child originally came into the home, but it is admitted that defendant received her, whether willingly or unwillingly is immaterial, clothed her, and provided her with nourishment—and that when the separation between him and his former wife came, took her, together with the boys, and provided for her. He admits his affection for the child and has asserted his willingness to take her into his present home and care for her if the child is willing.

There are no Pennsylvania cases directly in point. If the child in question was the natural child of defendant's former wife, although illegitimate, then the defendant would be bound for her support under the testimony, as has been repeatedly ruled in this jurisdiction. That the defendant put himself in loco parentis to the child is fully established by his own admissions. In 46 C. J. 1334, sec. 174, we find that:

"A person standing in loco parentis to a child is one who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation, without going through the formalities necessary to a legal adoption, and the rights, duties, and liabilities of such person are the same as those of the lawful parent. The assumption of the relation is a question of intention, which may be shown by the acts and declarations of the person alleged to stand in that relation."

The changed relationship between the defendant and his former wife, or his remarriage, does not destroy the relationship in loco parentis so clearly established by his actions both before and after his separation and divorce. The law presumes the continuance of a status once shown to exist: Young v. Hipple, 273 Pa. 439.

Furthermore, the defendant is not in court with clean hands as to the former order concerning the two natural sons. His employment with The Bell Telephone Company of Pennsylvania has been steady, and he has not suffered materially by reductions in wages. The records of the desertion officer show that in October 1933 he was in arrears upon his $40 order to no. 70, November sessions, 1932, to the extent of $60. At that time, the defendant of his own volition reduced his payments to $20 per month, justifying himself on the ground that the boys, or at least one of them, had reached the age of 16 years. Since December 21, 1933, he has paid nothing, and his offspring have been partially supported by the poor authorities.

Where the defendant got the idea that he was absolved from paying after his sons had reached the age of 16 we do not know. However, he was ill advised, and we most severely condemn his practice in arbitrarily reducing his own order without notice to the Commonwealth and leave of court. When this practice is engaged in, the desertion officer should promptly inform the court and request the immediate issuance of a bench warrant. The court may err to the extent of making excessive orders, or orders made may become excessive by reason of changed economic or domestic circumstances, but it is for the court and not the defendant or anyone else to change them.

It is quite true that courts consider the fact that at 16 years minors may become wage earners, and, if they do, proper adjustments are made after hearing. But when a minor is seeking an education, either general or special, by which he may fortify himself or herself against the responsibilities of life, and the parent is able to continue support to the end that such may be achieved, courts will not relieve the parent from that responsibility. Judge Parker in Commonwealth ex rel. v. Nolan, 111 Pa. Superior Ct. 174, 176, says:

"We held in the case of Com. v. Gillmor, 95 Pa. Superior Ct. 557, that an order of maintenance was improperly revoked when made upon the sole ground that the boy had attained the age of sixteen years although the minor was in sound health mentally and physically, and that there is no presumption that he is at that age self-supporting. The same case came to this court on a second appeal (97 Pa. Superior Ct. 303) when we considered the liability of a father in a proceeding to compel support for the education of a minor child over the age of sixteen years. We there held that in a proceeding such as we have here, the father may be required to contribute a sum which will enable the child above the age of sixteen years to pursue his education in a public high school where it 'reasonably accords with the father's financial ability and position in life, and the child's ability, progress and prospects.' Due weight should be given to the desires and determinations of the parents who, by reason of the natural interest which they usually have in the welfare of their offspring and the intimate knowledge they possess of the ability and disposition of their children, are in a position where they should be able to determine that which is for the benefit not only of the child but of society in which such child must have a part."

Defendant's oldest son is successfully pursuing his studies in the high school and will graduate next year. The second son, while not so successful in school, is, according to his father's testimony, mechanically inclined and is pursuing studies to that end under the tutelage and direction of his father. The father's

financial status has not materially changed since he voluntarily agreed that the court should make an order of $40 per month against him. The boys are not, in law, presumed to be self-supporting, it has not been shown that they actually are able to provide for themselves, and there is every reason under the circumstances why the support by the father should be continued.

We have discussed the liability of the father to his sons so that the defendant may be fully advised as to his responsibility. We therefore make the following

*Order*

And now, April 13, 1934, after due hearing and consideration the court orders, adjudges, and decrees that the defendant, Clarence Behmer, has established the relation of loco parentis to the child, Jean Snare, also known as Jean Behmer, and is liable for her maintenance and support, and further orders that the said defendant, Clarence Behmer, shall pay to the desertion, probation and parole officer, for the use of the said Jean Snare, also know as Jean Behmer, the sum of $13.34 per month, commencing April 15, 1934, and shall enter into a bond in the sum of $300, with sureties to be approved by the court, for the faithful performance of this order within 10 days from this date, or be committed to the Allegheny County Workhouse under the provisions of the Act of 1917.                    From Musser W. Gettig, Bellefonte, Pa.