## Commonwealth, ex rel., v. Dunn

*John R. K. Scott*, for relator; *William A. Gray*, for defendant.

Rosen, J., January 15, 1935.—This is a petition by the wife, Elizabeth Dunn, for an order on her husband, Houston Dunn, for the support of herself and her minor children. As originally filed, the petition prayed for the support of the wife and three minor children, only; Alice, 15 years of age; James, 14 years of age; and Jonathan, 8 years of age. At the hearing, an amendment to the petition was allowed to include two other minor children; Newbold, then 20 years of age; and Elizabeth, then 16 years of age.

The son James has died since the hearing.

Newbold, one of the children, has attained majority. While the Act of April 13, 1867, P. L. 78, under which these proceedings are brought, makes no restrictions as to the age of the child to be maintained, yet "Ordinarily a parent is not required to support his adult child but there is a well recognized exception supported by abundant authority that where such child is too feeble physically or mentally to support itself the duty on the parent continues after the child has attained its majority": Commonwealth, ex rel., v. O'Malley, 105 Pa. Superior Ct. 232, 234. There is no evidence that the son Newbold comes within

the above-recognized exception. Therefore, no order for his support can be made in this case.

Elizabeth, one of the children, though over 16 years of age, is still attending school and is therefore entitled to support from her father: Commonwealth, ex rel., v. Nolan, 111 Pa. Superior Ct. 174.

The defendant, Houston Dunn, separated himself from his wife and children on January 23, 1932, without reasonable cause. There is no evidence of any conduct on the part of the petitioner such as would amount to a legal justification for the defendant's desertion. "A careful reading of all the testimony fails to disclose such conduct on the part of petitioner as would legally entitle the defendant to a divorce from her, and it is well established that the only 'reasonable cause' justifying a husband in refusing to support his wife is conduct on her part which would be a valid ground for a decree in divorce": Commonwealth, ex rel., v. Herman, 95 Pa. Superior Ct. 510, pp. 514, 515.

The defendant receives $12,000 per year as salary as secretary and treasurer of National Petroleum Fire Insurance Company. He also receives a salary of $4,200 per year from Houston Dunn, Inc. His income from stocks and bonds for the year 1933 amounted to approximately $2,000, and during that year he realized a profit of about $2,700 on the purchase and sale of securities. His income during the year prior to the hearing was therefore $21,900. He owns a 60 percent interest in Houston Dunn, Inc., although the company has paid no dividends for a period of years. He is the owner of the property in which the petitioner and the children reside at 401 South Twenty-second Street, and also the owner of the property in the rear thereof at 408 South Van Pelt Street, Philadelphia. He has been paying the carrying charges of these properties, such as taxes and interest on the mortgage, as well as building and loan shares accompanying the mortgage, regularly up to the time of the hearing, although he does not reside there and the property is solely occupied by the petitioner and the children. He has a fractional interest in another property on Washington Square in Philadelphia from which he derives no income. He also has a farm at Manteloking, N. J., which he purchased for $7,500, subject to a $5,000 mortgage. The petitioner, his wife, expended $10,000 of her own money to improve the property, but he is paying the interest on the mortgage and the taxes on this property. This property is rented but the amount of rent is not disclosed by the testimony.

The wife, petitioner, is the recipient of income from several trust estates. She is also the owner of stocks and bonds in her own right of the value of approximately $60,000. She received the sum of approximately $17,000 in income from the trust funds in the year 1933, although in prior years the income from these funds was larger, being over $22,000 in 1932, and over $38,000 in 1930, reaching a high mark of over $52,000 in 1928. In addition, she has some income from stocks and bonds which she owns in her own right, though the exact amount of the income is not shown by the testimony. The petitioner has a life interest in these trust funds with remainder to the children.

The children have an equal interest in a $30,000 trust fund, the income from which is to be used for their education. The existence of this trust for the education of the children does not relieve the father of his primary liability for their maintenance and education: Commonwealth v. Gilmore, 97 Pa. Superior Ct. 303.

Counsel for the defendant advances the novel theory that, because of the wife's separate property and income, no necessity exists for the asking of an order on the husband for the support of the wife or the children. He has cited

no cases in support of his theory, for the very good reason that none can be found, and while a diligent search has failed to disclose that the precise question has ever been raised in our appellate courts the absence of authority for such a proposition is a good indication that it is not the law. There are, however, cases in this jurisdiction where orders have been made for the support of a wife where she had some income of her own, though there is apparently no case exactly similar to the facts in this case. See Commonwealth, ex rel., v. Berardino, 96 Pa. Superior Ct. 288; Commonwealth, ex rel., v. Lee, 99 Pa. Superior Ct. 54. The obligation of the husband to support his wife is one that arises out of the marriage relation and exists even though the wife has a sufficient separate estate to maintain herself. The proceedings under the Act of April 13, 1867, P. L. 78, are a method for enforcing this obligation which is not a punishment of the defendant but an enforcement of his legal duty to support his wife and children.

The evidence shows that during the time the parties lived together the petitioner used her income freely towards the support of the family. She took frequent trips to Europe with the children, had them educated in private schools, had numerous servants and several automobiles. The defendant, Houston Dunn, itemized his contributions to the family expenses since 1924. During the year 1930 he contributed about $8,400, and during the year 1931 about $9,100 towards the family expenses, although in prior years his contributions exceeded these amounts. The yearly family expenses must have been considerably in excess of the foregoing amounts, the balance being made up by the petitioner, though the exact amount does not appear from the testimony. Undoubtedly the parties lived in a style and at an expense which was in excess of what defendant's family would have enjoyed had he been obliged to pay all the expenses, and this condition was undoubtedly brought about by the petitioner, who had an independent income of her own which even during depression years equalled, if not exceeded, the income of the defendant.

Of the three minor children, Elizabeth and Jonathan are attending private schools in this State, while Alice is studying in a convent in Paris. The cost of tuition alone is approximately $1,800 per year for the three children, although the exact cost of maintaining them in these schools is not disclosed by the testimony.

The Act of April 13, 1867, P. L. 78, sec. 2, as amended by the Act of March 5, 1907, P. L. 6, sec. 1, requires this court to make an order on the defendant "to pay such sum as said court shall think reasonable and proper, for the comfortable support and maintenance of the said wife or children, or both," . . . The order must be in conformity with the ability of the defendant to pay and such as the wife and children might reasonably expect from one in defendant's financial situation: Commonwealth v. Sherritt, 83 Pa. Superior Ct. 301.

Taking into consideration the foregoing facts, the income of the defendant and the fact that the children and the petitioner are residing in a home belonging to him on which he is paying the carrying charges, this court is of the opinion that an order of $100 per week would be reasonable under the circumstances.

An order is hereby entered upon the defendant, Houston Dunn, to pay to the petitioner, Elizabeth Dunn, the sum of $100 per week for the support of herself and the three minor children, Elizabeth, Alice, and Jonathan.