Commonwealth *v.* Campbell, Appellant.

Argued March 8, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and JAMES, JJ.

*John V. Diggins,* with him *Vernon L. Stover,* for
appellant.

*C. William Kraft, Jr.,* with him *Louis A. Bloom,* Assistant District Attorney, and *William B. McClen-achan, Jr.,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., July 15, 1937:

Logan Campbell, appellant herein, and Frances G. S. Campbell, his former wife, are the parents of two daughters, Henrietta M., seventeen years of age on July 21, 1936, and Sara S., sixteen on August 26, 1936. The parents, residents of the City of Chester, entered into a separation agreement on April 26, 1932. In addition to the provisions therein contained relative to their respective property rights, with which we are not now concerned, it was stipulated that the husband should remove from the family residence leaving the wife in full possession—the children to remain in her custody, with the right reserved to their father to visit them at appropriate times.

With respect to the maintenance of the children it was agreed that their father would pay their mother for that purpose "the sum of $100 on the first day of each month, in advance, until the younger of said children shall have attained the age of sixteen years." It was further provided that the agreement should not be affected by any divorce "secured by either party from the other." The parties were divorced in July, 1933, and the husband, having remarried, is now living with his second wife and her mother in Chester, but at some distance from his former home.

Campbell made the payments specified in the agreement until the younger child arrived at the age of sixteen years in August, 1936, but has contributed nothing toward the support of either child since that time.

The litigation out of which this appeal arose had its origin in the making of an information by Frances Campbell, the mother, before a magistrate on October 1, 1936, under the provisions of the Act of April 13,

1867, P. L. 78, 18 PS §1251, charging the father with neglecting to maintain his daughters. Upon the return of the information to the quarter sessions a hearing was had under the provisions of the second section of the act, as amended, and an order made on December 7, 1936, directing the father to pay, through the probation officer, the sum of $100 per month for the support and maintenance of his daughters until the further order of the court and give security in the sum of $1,000. The present appeal is from that order; on January 18, 1937, we directed that the appeal should operate as a supersedeas of the order.

The controlling facts are not in dispute. The testimony discloses that appellant is a civil engineer and a graduate of the Pennsylvania Military College. He has been employed for twenty years by the Sun Oil Company of Philadelphia; his present monthly salary is $260, and he owns forty shares of stock in that company, worth approximately $3,000. The children now live in a comfortable home with their mother, grandmother, and an aunt. Their mother is employed in a newspaper office and testified she is able to support herself but not the children. As we understand the mother's testimony, she pays her mother $80 a month as the contribution of the children and herself toward the maintenance of the home. The children are in their junior year in high school and each of them is desirous of completing the course and then preparing to enter the teaching profession. The present monthly expense of their maintenance, clothing, etc., is approximately $150.

Aside from the technical defenses hereinafter considered, appellant seeks to justify his refusal to contribute toward the maintenance and education of his daughters upon the ground that he is willing, and has offered, to take them into his present home and there maintain them to the best of his ability. When interrogated in

court, each girl expressed her earnest desire to remain in the home of her mother and grandmother. The testimony justifies the conclusion that appellant since the separation and his remarriage has never made any bona fide effort to keep in touch with his daughters or manifested any interest in their education or welfare. His attitude seems to have been that he was performing his whole parental duty toward them by fulfilling his contract to pay $100 monthly toward their support. The suggestion of the court below that appellant make some effort to become better acquainted with his children and continue the contract payments until they obtained their high school diplomas did not meet with a favorable response from him. It is not surprising that these young girls are unwilling to go to live in a home in which they have never even visited and with women whom they scarcely know. We think the hearing judge was justified in concluding that the offer was not made in good faith and through a genuine concern for the best interests of the children, but rather for the purpose of avoiding the consequences which would flow from the making of an order under the provisions of the statute.

It was expressly agreed by the parties in their contract "that the interests of their two children will be best subserved by having the wife retain [their] custody." There is nothing upon this record indicating any change in the situation which would render this provision of the agreement inapplicable at the present time.

In the first assignment it is alleged that the court below erred "in refusing the motion to discharge the defendant at the conclusion of the Commonwealth's case." The ground of the motion was that the separation agreement "constituted a bar" to the present proceedings. The case of *Rodenbaugh v. Rodenbaugh,* 17 Pa. Superior Ct. 619, cited in behalf of appellant, does not support this contention of his counsel. That case

was an action of assumpsit by a wife for money due under a separation agreement. In the contract there involved the husband had agreed to pay his wife $20 a month and it was expressly provided that such payments would release the husband "from all manner of liability either to support [their] two children or the [wife]." The defendant demurred upon the grounds that the wife could not bring a suit against him in her own name for the cause of action set forth in the statement and that the agreement was void as being vague and uncertain as to the time of payment. It was held that the intervention of a trustee was not necessary in the making or enforcement of an agreement for separation and that the contract was sufficiently definite. The action of the court below in overruling the demurrer was affirmed. No question with respect to the liability of a father, under the Act of 1867, supra, for the support and maintenance of his children was involved in the case cited. It is expressly stated in that statute that its provisions are "in addition to the remedies [previously] provided by law."

Counsel for appellant, citing the seventh paragraph of the agreement, which provides, inter alia, that the wife, having full knowledge of her husband's estate, "hereby releases the husband, and hereby remises, releases, quitclaims and forever discharges the estate of her husband, both real and personal, from any and every claim that she now has, may hereafter have, or can have at any time, of, in and to or against the same," contends that these provisions are broad enough to bar the present proceeding. *Com. v. Richards,* 131 Pa. 209, 18 A. 1007, is cited in support of this argument. That was a proceeding by a wife, under the Act of 1867, against her husband. A separation agreement between them was offered in bar of the wife's claim. It was held that, in the absence of any allegation of fraud or unfairness, the agreement in that case was a defense

to the prosecution. In the course of the opinion it was pointed out that the proceeding had been instituted by and on behalf of the wife and it was stated that if the prosecution "were in behalf of the children, or by the overseers of the poor," a different question would be presented.

It is true that the present information was made by the wife, but not upon her own behalf. The act provides that the information may be made by the "wife or children, or either of them, or by any other person or persons." Granting that the wife could not, under the terms of the separation agreement, institute a proceeding under the Act of 1867 to compel additional maintenance for herself, it does not follow that the power of the court to make an order under that statute in behalf of the children was affected in any way by the agreement.

Emphasis is also placed in appellant's argument upon the fact that both children were beyond the age of sixteen years when the order was made. Our case of *Com. v. Nolan,* 111 Pa. Superior Ct. 174, 169 A. 247, involved the question of the liability of a father for the support of a son then between seventeen and eighteen years of age and in the sophomore class of a high school. There was evidence that the boy could have secured employment, but in the opinion, written for this court by PARKER, J., the case of *Com. ex rel. v. Gilmore,* 95 Pa. Superior Ct. 557, and 97 Pa. Superior Ct., 303, was reviewed and followed. It was held in the Gilmore case that a court may require a father to give his minor children such education, beyond the minimum required by law, in the public schools as reasonably accords with the father's financial ability and position in life, and the children's ability, progress and prospects. It was held in the Nolan case that the trial court had not been guilty of any abuse of discretion in making an order against the father to compel contri-

bution toward the completion of his son's school course. These cases rule this point against the contention of appellant.

As we view the case now at bar, we are not called upon to decide whether a bona fide offer by a father to maintain, support and educate his children in his own home, is a valid defense in a proceeding against him under the Act of 1867. As the act relates solely to the question of maintenance and not to the custody of children, it has been held that a father willing to take his children and maintain them is, as a general rule, entitled to their custody and should not be compelled to pay another for their support. It is distinctly stated, however, in the decided cases, of which *Keller v. Com.,* 71 Pa. 413, is an example, that the burden rests upon a father making this defense to satisfy the court below that his proposition is made in good faith and would be for the best interests of his children. As already indicated, there was evidence to sustain the conclusion of the court below that this burden has not been met in the present case, and therefore no further consideration of this defense is necessary. It is of importance to the Commonwealth as well as to themselves that these girls be afforded an opportunity to complete their high school courses. A consideration of all the circumstances leads to the conclusion that their welfare will be best conserved by permitting them to remain with their mother and directing their father to perform his legal obligation to contribute in accordance with his financial ability toward their "comfortable support and maintenance."

Having regard to appellant's earning ability and his other financial obligations, as disclosed in the testimony, we think the time has arrived when the extent of his obligation toward them should be measured not by the terms of the contract but by all the circumstances appearing from the record. In our opinion, a

80

contribution of $75 a month until the younger daughter has graduated from high school would be "reasonable and proper." The order should be modified accordingly.

Order modified and as modified affirmed.