## Commonwealth *v.* Lawson, Appellant.

Argued September 30, 1943. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ. (STADTFELD and RENO, JJ. absent).

*Henry Houck,* for appellant.

*James J. Gallagher,* with him *C. A. Whitehouse,* for appellee.

PER CURIAM, November 10, 1943:

The parents of the two children involved in this action for support separated and were divorced in 1937. Relator and defendant have seven children in all. After the separation four of the seven children continued to live with defendant; the other three made their home with their mother. In an action brought by her following the separation (under the Act of April 13, 1867, P. L. 78, as amended, 18 PS 1251 et seq.) the court ordered defendant to pay her $125 monthly for the support of the three children then living with her. The order was increased to $173 per month in 1940. The eldest child became self-supporting in 1942 and on January 4, 1943 on petition of defendant the monthly payment was reduced to $150 for the support of the two daughters who continued to live with their mother. Defendant in this appeal contends that the order is excessive in amount. The question is whether the court is clearly chargeable with an abuse of discretion in deciding that $150 is a reasonable and proper sum for the maintenance of these two children in the light of defendant's ability to pay *(Com. ex rel. Elgart v. Elgart,* 137 Pa. Superior Ct. 418, 9 A. 2d 202) and all of the attendant circumstances. *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 30 A. 2d 437.

None of the four children who lived with defendant following the separation is now in his home. One has

married; two are in military service and the fourth, a tubercular daughter, is confined in a hospital for treatment preliminary to a surgical operation for the removal of a cyst. One of the daughters living with relator is 16 years old and the other, 15; both are attending a public high school. The fact that one child is 16 years of age, in itself does not relieve defendant from liability for her support. *Com. v. Campbell,* 128 Pa. Superior Ct. 72, 193 A. 119. And regardless of whether one or both of these children could become self-supporting by securing remunerative employment, the court under the circumstances properly required their father to give them something more than an elementary education. *Com. v. Gilmore,* 97 Pa. Superior Ct. 303.

The defendant enjoys a position of some prominence in his community. He is Division Manager of the Pennsylvania Power and Light Company and for a number of years has received a yearly salary of $9,423. He has debts according to his testimony, many of them of long standing, amounting in all to about $3,100. At the time of the hearing his financial obligation for the hospital care of his tubercular daughter was $6.00 per day, with the prospect of her return to his home or transfer to an institution at less expense following a surgical operation. He estimated his current income tax liability for the year at $1,750. Old Age Pension and other deductions for insurance from his salary amount to $379.43 annually. It thus appears, assuming that his obligation to the hospital for the care of the tubercular daughter will continue indefinitely, that there remains a net income of upwards of $5,000 available annually for the payment of the present support order, for the defendant's living expenses, and the reduction of his indebtedness. It is contended by relator that defendant's bona fide debts do not exceed $539.39 and that his annual net income exceeds $6,000.

The uncontradicted testimony indicates that the cost

of maintaining the two children in question is about $174 monthly. The court ordered the payment of a lesser sum. There is competent evidence that defendant is of sufficient financial ability to comply with the order, regardless of whether his testimony or that of relator, as to his net income, be accepted. Cf. *Com. ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 22 A. 2d 598. The testimony also indicates that the amount of the order is reasonable and proper for the comfortable support of defendant's two daughters according to a standard of living in keeping with defendant's income and his station in life. *Com. v. Campbell,* supra.

Order affirmed.