## Commonwealth *v.* Elliott, Appellant.

620

Argued April 17, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Carroll Caruthers,* for appellant.

*Joseph M. Loughran,* with him *Edward Greb Bauer,* District Attorney, and *C. Ward Eicher,* Assistant District Attorney, for appellee.

OPINION BY RENO, J., July 19, 1945:

On March 12, 1940, prosecutrix secured an order of support for herself and her five minor children against appellant, her husband, for $75 per month under the Act of June 24, 1939, P. L. 872, §733, 18 PS §4733. On December 17, 1943, appellant filed a petition to reduce the amount of the order under the Act of June 19, 1939, P. L. 440, §1, 17 PS §263, and on the petition the court entered an order which as finally amended on January

28, 1944, required appellant to pay $75 per month for the support of three of the minor children only. Upon appeal to this court, because of inadequacies of the record and reliance by the trial judge upon unsworn statements dehors the formal testimony, the order was reversed and the record remitted for a further hearing, findings of fact and an order based thereon. *Com. v. Elliott,* 155 Pa. Superior Ct. 477, 38 A. 2d 531. After the matter was heard again, the order now appealed from was entered on August 24, 1944, directing appellant to pay old arrearages under the order of January 28, 1944, and $90 per month for the support of three of his children.

The record now before us discloses that appellant went to West Virginia in July, 1940, and secured employment with the Kopper Coal Company from that time until October, 1943, at a salary of $200 per month. Following that, appellant worked for the Elizabeth Fuel Company for $300 per month, and since May 1, 1944, he has been engaged as general superintendent for the Tioga Coal and Coke Company at a salary of $400 per month, from which $46.40 is deducted for social security and federal income taxes. While in West Virginia appellant instituted a suit for divorce against prosecutrix which was later withdrawn, but in a second proceeding prosecutrix was granted a divorce on April 7, 1943, on a cross-bill filed by her in the action. The decree included an award of $75 per month for the support of prosecutrix and five of her children, and was made to run concurrently with the support order in Westmoreland County, but payments thereunder fell in arrears. On July 3, 1943, appellant remarried and at the time of the hearing he was living in West Virginia with his second wife. Under the terms of a property settlement negotiated in connection with the divorce action, appellant conveyed to prosecutrix a farm in Unity Township worth from $2,000 to $5,000, which they had owned by the entireties and upon which

prosecutrix and four minor children continued to make their home. At the time of the hearing prosecutrix' and appellant's two adult children had left the home and were self-sustaining, one minor daughter was living at home but was employed, and three other minor daughters, for whose support the order now provides, lived with prosecutrix and were dependent. Prosecutrix worked when she was able to leave the house, but the health of one of the daughters was such as frequently to require prosecutrix' attention and the services of a physician whose bill averaged $10 monthly. Prosecutrix testified that rising costs of living had encroached upon the funds at her disposal and had made the maintenance of the family upon the payments under the order more difficult than had been the case in 1940 when the original order was entered.

The first question is whether the sum awarded for the support of appellant's children is excessive in the light of the testimony. The purpose of a support order is to secure such an allowance to the children of appellant as is reasonable, having in mind his property and earning capacity and the station in life of the parties; but it is not our prerogative to punish appellant for any misconduct toward his family, if such there has been, nor is it within our province to divide his estate. *Com. ex. rel. Milne v. Milne*, 150 Pa. Superior Ct. 606, 29 A. 2d 228; *Com. v. Widmeyer*, 149 Pa. Superior Ct. 91, 26 A. 2d 125. In considering the factor of appellant's sufficient ability to pay, not only the amount shown to have been actually received by him but also all the attendant circumstances of the case must be borne in mind. *Com. ex rel. Crandall v. Crandall*, 145 Pa. Superior Ct. 359, 21 A. 2d 236; *Com. ex rel. Stout v. Stout*, 142 Pa. Superior Ct. 449, 16 A. 2d 723; *Com. v. Ehrhart*, 118 Pa. Superior Ct. 293, 179 A. 868. The separation or divorce of a father from his wife has no effect upon the obligation to provide reasonable maintenance for children of the union, as the duty is a con-

tinuing one existing independently of the continuity of the marital status. *Com. ex rel. Stack v. Stack,* 141 Pa. Superior Ct. 147, 15 A. 2d 76. Orders of support are not immutable, and they may be increased, decreased, or vacated at any time when attention is drawn to changes in the financial circumstances of the parties or other compelling reasons calling for a review and modification of the amount of the award. *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 30 A. 2d 437. The decision of what sum is an adequate provision for the maintenance of dependent children and as well a fair and nonconfiscatory burden upon a parent is left in the first instance to the court below, and we interfere with the initial determination only when a clear abuse of discretion has been demonstrated. *Com. v. Lawson,* 153 Pa. Superior Ct. 446, 34 A. 2d 268. Having in view the substantial rise in appellant's income between the date of the last valid order and the entry of the one now appealed from, and considering the generally known advance in living costs testified to by prosecutrix, we find no such manifest injustice as to require our intervention.

Appellant's remaining objection goes to that part of the order requiring him to make good old arrearages, the argument being that appellant should be given credit for that part of the deficiencies representing amounts chargeable to the support of prosecutrix accruing after the entry of the divorce decree, and also amounts payable under the old order for the use of a son and a daughter over the age of 16 and employed. With the entry of a valid decree in divorce the obligation of a husband to support his wife is terminated, *Com. ex rel. Cronhardt v. Cronhardt,* 127 Pa. Superior Ct. 501, 193 A. 484, and on petition of the husband a subsisting order of support will be vacated, and all arrearages accumulating after the dissolution of the marriage will be remitted. *Com. v. Parker,* 59 Pa. Superior Ct. 74. It will be observed that none of the

amounts payable as arrearages under the order of March 12, 1940, are payable under the order of August 24, 1944, for the support of the son and daughter now involved. It is beyond the power of the quarter sessions to enter an order for support which has any effect retroactively beyond the date of its entry, and, therefore, an order for the three children now provided for would ordinarily be partially invalid if it attempted to make a retrospective award to them. *Com. v. Henderson*, 143 Pa. Superior Ct. 347, 17 A. 2d 692; *Com. v. Ehrhart*, supra. Where, however, an earlier erroneous order has been reversed on an appeal, it is proper to commence the operation of a subsequently corrected order from the date of that erroneously entered. *Jones v. Jones*, 348 Pa. 411, 35 A. 2d 270; *Com. ex rel. Singer v. Singer*, 128 Pa. Superior Ct. 223, 193 A. 320; *Com. ex rel. Herman v. Herman*, 97 Pa. Superior Ct. 453. Viewing the direction to pay past arrearages accruing under the order of March 12, 1940, as relating back to January 28, 1944, the award is unobjectionable, and a judgment reaching a proper result will not be reversed because based on mistaken reasoning.

Appellant also complains that no findings of fact were filed below in compliance with the mandate from this court when the case was first here. *Com. v. Elliott*, supra, p. 481. The more desirable practice in proceedings of this kind is to have findings in support of the order, *Com. ex rel. McClenen v. McClenen*, 127 Pa. Superior Ct. 471, 193 A. 83, but there is nothing in the statute invalidating orders entered in open court, after hearing, without filing formal findings of fact.

Order affirmed.