## Commonwealth v. Kinek

*William A. Wyatt,* for petitioner.

*George Kerestes,* District Attorney, *Roger Nanovic* and *John Deutsch,* Assistant Dictrict Attorneys for Commonwealth.

HEIMBACH, J., March 28, 1961.—On November 18, 1960, defendant-father caused a rule to issue to show cause why a support order of $80 per month entered May 7, 1956, to the above term and number, for the support of his wife, Helen, and two minor children, Ronald and Richard, should not be modified and all arrearages thereon remitted. The prosecutrix, the former wife of defendant, who now is remarried and resides in Washington, D. C., did not appear.

The court finds the following facts:

1. That the court order entered May 7, 1956, for the payment of $80 per month erroneously included wife Helen, who obtained an absolute decree in divorce March 26, 1956. Therefore, we find such order was for the support of defendant's two minor children, Ronald and Richard.

2. That son Ronald, then being 18 years of age, and having graduated from high school in June 1958, entered the University of North Carolina as a student in September 1958.

3. That on January 1, 1961, son Ronald left the University of North Carolina and joined the armed forces of the United States.

4. That since the date of the original court order the children have been residing with their mother in Washington, D. C., and defendant has neither seen nor heard from or about them, except once, up until the present time, when defendant saw the children and his former wife at his mother-in-law's funeral, but did not speak to any of them.

5. That the present income of defendant is approximately $5,000 a year.

6. That defendant, as of the date of the hearing, viz., February 21, 1961, is in arrears on his support order in the amount of $1,390.

## Discussion

Under the Act of June 19, 1939, P. L. 440, the court is given broad powers to change any support order, correct the same and to reduce the amount of arrearages as the case may warrant.

It is the contention of defendant that the order of support as to Ronald should be revoked and all arrearages now owing on the support order accumulated since Ronald entered the University of North Carolina in September 1958 should be remitted. The district attorney, for the prosecutrix, agrees that the court order as to Ronald should be revoked, but that only that part of the arrearages accumulated subsequent to the date Ronald joined the army, viz., January 1, 1961, should be remitted.

We, of course, hold the order as to Ronald must be revoked, since he now is self-supporting, being in the armed services of the United States.

Should we remit all of the arrearages, part of the arrearages or none at all? We are of the opinion that our answer should be arrived at by determining when defendant's legal duty to support Ronald ceased.

Our appellate courts have held that it is the duty of a father to support a son while he is attending the public schools, even though such son is physically and mentally able to work and where employment is available: Commonwealth v. Gilmore, 97 Pa. Superior Ct. 303; Commonwealth v. Campbell, 128 Pa. Superior Ct. 72, 78. Therefore, we eliminate from our consideration any period up until Ronald graduated from high school in June of 1958. We likewise eliminate the period from June 1958 to September 1958. We have no knowledge whatsoever of Ronald's physical or mental

condition, nor do we have any knowledge of any employment possibilities during such period.

What about the period during which Ronald attended the University of North Carolina from September 1, 1958, to January 1, 1961? Judge Gawthrop, in a well-considered opinion in the case of Commonwealth v. Byerly, 21 D. & C. 2d 92, held that petition by a father to vacate an existing order of support for his 20-year old son, who is attending college, will be refused where petitioner has failed to show either that the son is self-supporting or that employment at a living wage is presently available to him in the community, and this is so even though the son is physically and mentally employable and works during the summer vacation. Should we follow the Byerly opinion, January 1, 1961, would be the date defendant's obligation for support ceased.

We hold, however, that the Byerly opinion goes considerably further than does our appellate courts. Nowhere is there an appellate court decision, that we have been able to find, that holds a father responsible for support of a child while attending college, nor places the burden on defendant to prove that the child is self-supporting or physically and mentally able to do so with work available in the community. In the instant case, such a burden would be a harsh and unjust one, since defendant would have no way of ascertaining the facts. Such information is in the exclusive possession of the son and the prosecutrix, neither of whom saw fit to appear at the hearing. We are justified in concluding that son Ronald was mentally and physically capable of supporting himself from the absence of any evidence to the contrary, as well as the fact that he was admitted to the University of North Carolina and later inducted into the armed services of the United States.

In Commonwealth ex rel. Binney v. Binney, 146 Pa.

Superior Ct. 374, that part of a lower court order that allowed support and maintenance for a 19-year old son who was attending college was struck off, the court holding that there was no duty to furnish a son a college education. It would be noted that, although the lower court had decreed a payment of $1,500 per year for such son, the Superior Court allowed nothing at all.

In Commonwealth v. Wingert, 173 Pa. Superior Ct. 613, the court held the lower court did not abuse its discretion in refusing to allow support for a daughter to attend a finishing school, notwithstanding the father's earnings of $22,500 annually. The court said, at page 615:

"It should be noted that there is no evidence that the child is not physically or mentally capable of self-support."

The court likewise says, at page 616:

"However, there are no appellate cases in Pennsylvania wherein the facts have been held to justify an order of support for a child attending college."

Had defendant presented his petition for a modification of the order in September 1958, and we were to have acted on such petition at that time, we would have reduced the order from $80 per month for the support of Ronald and Richard to $60 for the support of Richard alone. We are of the opinion that, since there are substantial arrearages, justice may best be served by amending the order of May 7, 1956, and providing for an order for $60 per month for the support of Richard and remitting to defendant on account of his arrearages an amount equal to the product obtained by multiplying the number of months since September 1, 1958, to the present time by $20. Hence, this

### Order

And now, to wit, March 28, 1961, the rule heretofore granted is made absolute, and the order entered

May 7, 1956, providing for the payment of $80 per month for the comfortable support and maintenance of petitioner's wife Helen and the two children, Ronald and Richard, is amended to provide for the payment of $60 per month, in semi-monthly installments of $30 each, at the time and place stated in the original order, to Helen Macaluso for the comfortable support of Richard Kinek.

In all other respects the order shall remain as heretofore.

It is further ordered and decreed that the sum of $600 shall be remitted on account of arrearages, and the remaining arrearages shall be paid in semi-monthly installments of $10 each, to be paid at the time of payment of the within order of support.

Costs of these proceedings to be paid by defendant.

Same date, exception granted to the parties and bill sealed.