## Commonwealth *v.* Gensemer, Appellant.

Argued March 2, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Hervey B. Smith,* for appellant.

*R. S. Hemingway,* with him *Harold G. Teel,* District Attorney, for appellee.

OPINION BY JAMES, J., July 10, 1936:

This is a nonsupport proceeding under the Act of April 13, 1867, P. L. 78, as amended and supplemented (18 PS §§1251-1255), upon the information of the wife against the appellant, her husband. On July 7, 1932, after hearing before the court of quarter sessions, appellant was ordered to pay his wife the sum of $44 per month and enter into recognizance with surety in the sum of $1,000. On November 12, 1935, appellant presented a petition requesting that the court reduce the amount of monthly payments; a hearing was held before the court on November 18, 1935, and on December 12, 1935, the court modified the order of July 7, 1932 by reducing the monthly payments from $44 to $43, effective as of November 1, 1935. An appeal was taken from this order.

No appeal having been taken from the original order of support, it must be assumed that the desertion and the necessity for an order of support had been established: Com. v. Knoblock, 89 Pa. Superior Ct. 216; and the burden of producing competent evidence justifying a reduction of that order rested upon the defendant: Com. v. Ritter, 91 Pa. Superior Ct. 563. The single question for consideration is whether the discretion of the court below was properly exercised in fixing the sum to be paid by the defendant at $43 per month. If there is competent evidence in the record to warrant the making of an order in that amount, this court will not disturb it by substituting its judgment for that of the court below: Com. v. Gilleland, 93 Pa. Superior Ct. 307.

The defendant, who was an employee of a meat

market, testified that from July, 1934 until the time of hearing, he was receiving wages at the rate of $20 per week. What the nature of his services was, the record does not disclose. The paymaster of the defendant's employer, testified that he was employed since September 24, 1934, and from that time until the date of hearing, defendant received wages at the rate of $20 per week. The wife, on the other hand, testified that the defendant, within a month prior to the hearing, had told her he was still making $30 per week, but he was going to try to have his payments lowered and he had told her the same thing on previous occasions. The wife was without employment and, in maintaining an apartment, her only income was the sum of $7 per week received from a brother, who boarded with her.

If the testimony of the appellant and his witness is to be believed, the order would be in excess of the settled policy that the amount awarded should not exceed one third of the defendant's income: Com. v. Gilleland, supra; but the court was not bound to accept the testimony of appellant and his witness, and the court having had the opportunity of hearing these witnesses, we shall not set aside his opinion as to their credibility. Appellant did not produce the books of the employer, which were available, to corroborate the testimony of the appellant and the paymaster, and the failure to do so was a circumstance which could be considered by the court in determining their candor and frankness in telling the entire truth. The testimony of the wife, as to statements made by the husband as to his earning capacity, was properly receivable in evidence: Com. v. Berardino, 96 Pa. Superior Ct. 288; and was sufficient to justify the court in believing that appellant's testimony at the hearing as to his earnings was not true.

In sustaining this order, there is nothing to prevent the appellant from presenting another petition for the

modification of the support order when he can produce such documentary proof as may be convincing to the court below. From the entire record, as it now stands, we find no such abuse of discretion, in fixing the amount —which is less than one-third of the defendant's earnings—on the basis of $30 per week, the earnings upon which the previous order was based, to warrant us in reversing the order of the court below.

Order affirmed.