## Commonwealth ex rel. Spieldock *v.* Spieldock, Appellant.

Argued December 18, 1936.

Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and JAMES, JJ.

*Benjamin H. Renshaw, Jr.,* for appellant.

*Albert H. Friedman,* for appellee.

OPINION BY BALDRIGE, J., December 21, 1936:

This is an appeal from a support order made by
ROSEN, J. of the Municipal Court, Philadelphia County.

On August 22, 1934, a petition for support was filed
by the wife of the appellant who had deserted her.
After a hearing was had the court ordered the husband
to pay $10 a week. A petition to remit arrearages
and reduce the amount of the weekly payments, filed on
January 18, 1936, was dismissed. This was followed
by another petition of like import, filed May 13, 1936,
and after hearing, BLUETT, J., entered a decree on
June 11, 1936, reducing the order to $7 per week
and remitted all arrearages. A rehearing was there-
after granted by BLUETT, J., and testimony was taken
before ROSEN, J., who on September 14, 1936 reinstated
the order to pay $10 per week and arrearages as of
June 11, 1936. This appeal ensued.

It is true that at the last hearing the respondent, a travelling man, testified that he received a salary of $17.50 a week. But the trial judge was not bound to accept that statement as true, especially as there were other circumstances that tended to question the verity of that and other statements made by the respondent. A probation officer went to the electrical shop which respondent alleged was owned by his employer, and testified that the respondent was in apparent charge of the place, and to conditions, which, if taken into consideration with other testimony leaves considerable doubt whether the respondent himself is not the owner of the shop. In any event, he told the probation officer the rather improbable story that the books had been away from the place of business for over two weeks, being audited by the treasurer, and he would give no information when they would be returned. We are of the opinion that he did not want this officer to see the books, and that he had a purpose in preventing him from examining them. Taking the testimony as a whole, we are in accord with Judge ROSEN'S views that the respondent endeavored to conceal his earnings and that his testimony was evasive and unresponsive.

In view of all the attending circumstances, we see no reason to disturb the court's order. If there is a change of circumstances in the respondent's financial condition, the door of the Municipal Court is not closed to him.

The order of the court is affirmed at appellant's costs.