## Commonwealth ex rel. Blumhardt, *v.* Blumhardt, Appellant.

Argued November 17, 1937.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES
and RHODES, JJ.

*George H. Detweiler,* with him *Joseph Blank,* for
appellant.

*Frank A. Simons,* of *Bender, Rubin & Simons,* for
appellee.

OPINION BY JAMES, J., December 17, 1937:

This is an appeal from the dismissal of a petition by
the father for a reduction of an order for the support
of his infant child.

The child's parents were married on April 13, 1936,
separated August 8, 1936, and divorced January 27,
1937. The child was born December 13, 1936. On
March 22, 1937, at a hearing before Judge BLUETT,
an order of ten dollars per week, for the support of the
child, was made. The father filed a petition for a re-
hearing, on May 19, 1937, averring that since March
29, 1937 his wages were reduced to $14.30 per week.
At the conclusion of a hearing, held August 12, 1937,
Judge BONNIWELL said: "I do not think there is any
question, after hearing this testimony and reading the
testimony before Judge BLUETT, that this man is lying
to the court, and being helped out by his relatives. The
petition for a rehearing is dismissed and the defendant

committed until the arrears are paid." At this hearing, petitioner testified that one week after the original support order was made, his father, who was his employer, reduced his working time to two days a week with a reduction in wages to $14.30 per week; that the alleged reason for this was that his father discovered he had been taking money belonging to him; that he had been earning as high as $85 per week; and that he owned a LaSalle car at the time of the original order, but had turned it over to his brother because he was unable to continue making the installment payments of $61 per month. He was unable to state what down payment he had made on the car, but he had made ten payments of $61 each. It does not appear that his brother paid him anything for the car. He had also owned two riding horses which he sold to his brother for $400, because he was unable to keep them on his reduced salary. He also testified that he turned over a $10,000 life insurance policy to his mother in January before the order was made.

It seems to us a rather peculiar coincidence that the petitioner's salary was reduced by the father one week after the order of support was made. The alleged transfer of his horses, car and insurance to members of his family is a matter that merits scrutiny as being part of a scheme to deceive the court as to petitioner's true financial condition. At the hearing before Judge BLUETT, petitioner testified that since January 1, 1937, his salary was $25 per week and he had never earned $65 per week, but at the second hearing testified he had made $65 to $85 per week and had a good position prior to the time of the first hearing. At the second hearing, he made no reference to his former testimony that he had earned only $25 per week since January 1, 1937. At the first hearing, he belittled the nature of his employment as merely that of a helper and errand boy, while at the second hearing he admitted, on cross-ex-

amination, that at the time of his marriage he was manager of the store. It further appears that when petitioner was committed for failure to pay arrearages, he managed to raise $150 to pay them.

The petitioner's reduction in salary by his father, coincidental with the order for support, the transfer of his horses and insurance to members of his family and the possession of his car to his brother, without consideration and apparently without transferring the title, the contradictory testimony as to his previous earnings, as well as the apparent nature of the marriage and his attempt to disavow paternity of the child, are facts from which the court was justified in concluding that the petitioner was attempting to lower his apparent earning capacity for the purpose of this case: *Com. v. Leonard*, 95 Pa. Superior Ct. 21. In a support proceeding, the trial judge is not bound to accept testimony as true where other circumstances are present which cast doubt as to the truth of such testimony: *Com. ex. rel. Spieldock v. Spieldock*, 124 Pa. Superior Ct. 394, 188 A. 601. All of the attendant circumstances may be considered by a court in determining a petitioner's candor and frankness in telling the truth. Since the court had the opportunity of seeing and hearing the witness, we shall not set aside his opinion of petitioner's credibility: *Com. v. Gensemer*, 122 Pa. Superior Ct. 456, 185 A. 867. "The court must be convinced of the defendant's good faith in the application and that there has been such a permanent change in the defendant's circumstances as to require a modification of the order": *Com. ex. rel. Berardino v. Berardino*, 99 Pa. Superior Ct. 532, 534.

The burden was upon the petitioner to show, by competent evidence, such facts as would justify a modification of the order: *Com. v. Gensemer*, supra; *Com. ex rel. Snyder v. Snyder*, 120 Pa. Superior Ct. 189, 182 A. 62; which, in the opinion of the court below, he

failed to sustain. Our duty in this case is merely to determine whether the discretion of the court below was properly exercised, and, in view of the circumstances, we are of opinion that that discretion was not abused.

Appellee has raised the question whether this appeal should be quashed for the reason that it was taken more than three months after the order of March 22, 1937. It is true that an appeal from that order would be too late. However, a petition for a modification of a support order, because of changed conditions, may be presented whenever such change occurs, which could be more than three months after the date of the original order. If such a petition is refused, an appeal is taken not from the original order, but from the dismissal of the petition for modification.

Order affirmed.