Commonwealth *v.* Shankel, Appellant.

Argued March 11, 1941.

Before Keller, P. J., Cunningham, Stadtfeld, Rhodes and Hirt, JJ.

*Geo. F. Whitmer,* for appellant.

*W. P. Geary,* District Attorney, for appellee.

Opinion by Hirt, J., April 18, 1941:

This is a proceeding brought under §733 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS §4733, which in substance is a reenactment of the Act of April 13, 1867, P. L. 78, 18 PS §1251 as amended, and which continues the long established practice relating to actions against a husband for the support of wife or children. "The purpose of the proceeding is not to punish the defendant for his conduct toward his family but to secure such allowance for their support as is reasonable, having in view his ability to pay and the conditions under which his family lives": *Com. v. Leonard,* 93 Pa. Superior Ct. 21; *Com. ex rel. v. Sherritt, Appellant,* 83 Pa. Superior Ct. 301. When a husband has separated himself from his wife or children the act provides for such order upon the husband *"being of sufficient ability"* as the court shall think reasonable and proper for their comfortable support.

In this case the lower court, after hearing in a summary proceeding, ordered the defendant to pay two dollars a week for each of three minor children who are still attending school and have been supported by their mother. This appeal questions the propriety of that order. The wife waived her right to support.

The age of respondent does not appear except by inference from the fact that there are other adult children. He left his wife and family in 1932. In the absence of testimony of the circumstances, the presumption is that his desertion was without reasonable cause and the burden was upon him to justify it. But, it should be observed that conduct of the wife which would justify him in leaving her would not absolve respondent from the obligation to support his children. Before leaving he conveyed his interest in their home—worth $4,000— to his wife and assigned mortgages to her upon which she collected about $6,000. Title to both the real estate and the mortgage investments had been in both by entireties. She invested part of the proceeds of the mortgages in a restaurant business and lost it; the remainder was consumed in the support of the family. Respondent returned to the county of his former domicile after an absence of about 8 years. During the period he made no further contributions for the support of his family.

The question is whether there is competent evidence to support the conclusion of the court that defendant is of "sufficient ability" to comply with the order. *Com. v. Leonard,* supra.

His testimony is that he has no income, property or money and that he is ill and unable to work. Medical testimony in his behalf is to the effect that though he is able to do any work not involving exertion or nervous strain, yet, because of abnormally high blood pressure it would be dangerous for him to do manual labor. Against this testimony the evidence on behalf of relator is that defendant is in charge of a coal mining

operation although he says the land belongs to his father. His son testified that defendant stated to him in October 1940 that "he was trucking between 30 and 40 tons of coal a day and his royalty would be 25 cents a ton." Defendant admitted working as a laborer loading coal for about two weeks and until he hurt his shoulder and in this connection said: "I was working for myself." In addition, it is admitted that by letter of October 2, 1940, defendant submitted "a proposition" to his wife in which he stated that the lessees of his father's coal land wanted him "to run it for him"; that 8,000 tons of coal were stripped ready to load and he offered to pay his wife 5 cents a ton for all coal as marketed during the remaining two years of the term of the lease "providing you sign papers that you are not to bother me in any way for the same period." This offer was not accepted.

The evidence is sufficient to sustain the order. The estimate of Judge RIMER is that, at the hearing, defendant appeared to be "overly complacent as to the existing situation and indifferent to the plights of his children" and by his evasive demeanor gave the impression that he was concealing the facts "as to this mining operation and that he really was in charge of it, operating it and controlling it." This is a logical conclusion from the testimony and the attendant circumstances which as a whole indicate that respondent has earning power and ability more than sufficient to pay the small weekly amount indicated by the order, in discharge of his obligation to support his children.

Order affirmed.