## Commonwealth ex rel. Slocum, Appellant, *v.* Slocum.

Argued March 3, 1947. Before RHODES, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Milford J. Meyer,* for appellant.

*L. B. Maxwell,* for appellee.

PER CURIAM, March 11, 1947:

This is a proceeding under the Act of June 24, 1939, P. L. 872, § 733, 18 PS § 4733, which has substantially reënacted the Act of April 13, 1867, P. L. 78, as amended. See *Com. v. Shankel,* 144 Pa. Superior Ct. 476, 19 A. 2d 493.

The court below in this case, after hearing, entered the following order: "And now, to wit, January 6, 1947, the defendant is hereby adjudged not guilty of desertion and nonsupport and the case is dismissed." The relatrix, wife of defendant, has appealed.

It is undisputed that defendant separated "himself from his wife . . . and children, without reasonable cause," within the terms of the statute.

Where a husband has separated himself from his wife and children the act provides for such order upon the husband "being of sufficient ability" as the court shall think reasonable and proper for their comfortable support and maintenance. *Com. v. Shankel,* supra, 144 Pa. Superior Ct. 476, 477, 19 A. 2d 493. See, also, *Com. ex rel. Berardino v. Berardino,* 96 Pa. Superior Ct. 288, 290.

The evidence shows that defendant separated himself from his wife and five children, deserted them and took up his own abode elsewhere, and that they require support. Such desertion has continued without reasonable cause for about two years. Under such circumstances, it was abuse of discretion upon the part of the court of quarter sessions to refuse to make an order upon defendant "to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife [and] children."

In cases of this type, the Commonwealth is not only a nominal but a real party to the proceedings, vitally interested in the decision, and concerned that provision is made for the care, support, and maintenance of the wife and children who have been deserted by the husband and father. It is not for him to determine when and to what extent he will provide for them. That is for the court.

Defendant has a substantial income and available property, and an order should have been made pursuant to the statute. Defendant does not attempt to assert that he does not have "sufficient ability" to pay for adequate and decent support and maintenance of his wife and children. See *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 205, 30 A. 2d 437.

From the testimony presented, it appears that defendant has allowed his wife and five children, ranging in age from five to twelve years, to live in a house on his farm of about 500 acres. As to the house, there is testimony that it is not a fit place in which to live. On the farm defendant has livestock and much farm equipment. It is used as a dairy farm, and the sale of milk produces up to $300 per month, and averages about $200 per month. He also conducts lumbering operations upon his extensive acreage. Defendant has never manifested any interest in his family since his separation; his in-

terest is elsewhere. They have been inadequately provided with coal and wood and clothing. He has furnished no money from which many necessities for the family could be purchased. Appellant has been obliged to work as a domestic with her neighbors, receiving $3 per day. Four children are in school, and one is of such an age that the mother is obliged to take it with her when she is employed. Defendant asserts that he gave appellant $65 for clothing for the children. This appellant denies; but assuming that it is true it would be the first and only cash payment in a two-year period.

Defendant's principal defense is that he provides credit at a store where appellant may purchase groceries and food for the family. Appellant has utilized this opportunity, otherwise she and the children would have had nothing to eat. The store is primarily a grocery and hardware store, and carries little or nothing of other items. Even the continuance of this credit is precarious. Appellant and her children are not to be subjected to the uncertain whim and the unstable credit of a deserting husband; nor must they acquiesce in living in unfit quarters which he may condescend to provide.

An order should be entered in this case which recognizes the right of appellant and her children to comfortable support and maintenance, which embodies the duty and obligation which a deserting husband and father owes to his family, and which takes into consideration the interest of the Commonwealth in the fulfillment of such obligation.

The order is reversed, and the record is remitted to the court below for further proceedings not inconsistent with this opinion. Costs to be paid by appellee.