# Commonwealth ex rel. Slocum, Appellant, *v.* Slocum.

474

Argued October 2, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

 █

*Milford J. Meyer,* with him *Meyer, Lasch, Hankin & Poul,* for appellant.

No one appeared or filed a brief for appellee.

PER CURIAM, November 12, 1947:

This case was previously before us, and our opinion is reported in 160 Pa. Superior Ct. 354, 51 A. 2d 516. We reversed the order of the court below, which had adjudged defendant not guilty of desertion and nonsupport and dismissed the case, and remitted the record for further proceedings, saying (160 Pa. Superior Ct. 354, 357, 51 A. 2d 516, 517) : "An order should be entered in this case which recognizes the right of appellant and her children to comfortable support and maintenance, which embodies the duty and obligation which a deserting husband and father owes to his family, and which takes into consideration the interest of the Commonwealth in the fulfillment of such obligation."

Upon remission, without taking further testimony, the court below ordered defendant to pay $85 per month for the support of his wife and their five minor children, ranging in age from five to twelve years. Relatrix has appealed.

The facts are set forth generally in our previous opinion. For present purposes we merely point out that

defendant has an equipped farm of about 500 acres, which he farms, and in connection with which he conducts lumbering operations; that the value of the farm, according to the record, is between $8,000 and $10,000; and that the income from sale of milk alone averages about $200 per month.

In considering the sufficiency of a husband's ability to pay, not only the amount shown to have been actually received by him, but also all the attendant circumstances of the case must be borne in mind. *Com. v. Elliott,* 157 Pa. Superior Ct. 619, 622, 43 A. 2d 630. It is defendant's moral and statutory duty to provide for the comfortable support and maintenance of his wife and children. Act of June 24, 1939, P. L. 872, §733, 18 PS §4733. His ability to furnish such support has been established and is not denied. The question presented is whether the court below abused its discretion in fixing the amount of such support at the sum of $85 per month, under the circumstances. Relatrix and her five minor children certainly require more than $85 per month for comfortable support and maintenance. The record as to this is clear. Support orders are not final in as much as they may be increased, reduced, or vacated where the financial condition of the parties changes, or where other proper reasons are shown. *Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236. The amount of the modified order hereafter made is predicated upon the continued occupancy of the farmhouse by relatrix and her children without charge or deduction therefor. In the event that they shall cease to occupy the said premises, a new order increasing the allowance of support may be considered at that time.

We can only appraise the situation as it is disclosed by the record. Consequently, our conclusion is that a reasonable and proper sum, within defendant's ability to pay, for the comfortable support and maintenance of defendant's deserted wife and children is much

greater than that fixed by the court below. The existing order of the court below will be modified.

The order of the court below is modified to read as follows:

It is now ordered and decreed that the defendant, Clayton Slocum, shall pay for the support of his wife, Betty Slocum, and their minor children, one hundred ten dollars ($110) per month, payable on the first day of each month beginning November 1, 1947. Payments are to be made to the probation officer of Wayne County. Defendant shall pay the cost of this appeal.