## Commonwealth v. Price

Before Egan, Musmanno and Montgomery, JJ.

*Gay B. Banes,* for plaintiff.

*J. D. Golding,* for defendant.

MONTGOMERY, J., June 6, 1950.—This matter came before the court en banc for disposition on an agreed statement of facts. The action is in assumpsit to recover from defendant money paid by the Department of Public Assistance to defendant's former wife for the use and benefit of his minor children.

The facts as stipulated and agreed to are as follows: Defendant and his former wife, Margaret Price, are the parents of four children. These parents were divorced July 16, 1945, and the mother retained custody of the children. On the application of the mother, the Department of Public Assistance, pursuant to the Act of June 24, 1937, P. L. 2051, 62 PS §2501 et seq., its supplements and amendments, paid at various times between September 19, 1945, and April 8, 1947, to the mother the sum of $1,338.28 for the benefit of her children. Defendant, Daniel E. Price, had no knowledge of the request for public assistance by his former wife and never consented to the payment of same. During the time this assistance was being paid, defendant was making payments for the support of his children in accordance with an order of the County Court of Allegheny County at January term, 1944, no. 351. All payments provided for in the order were paid in full by defendant.

The primary question presented here is whether or not the order of the county court, which was complied with by defendant, is a complete defense to the claim of the Commonwealth. We are of the opinion that it is and that judgment must be entered in defendant's favor. Defendant's obligation to his children was fully adjudicated. Such proceedings under section 733 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS §4733, are for the sole purpose of securing an allowance for the support of defendant's family, having in view his ability to pay and conditions under which the family lived. See Commonwealth ex rel. Binney v. Binney, 146 Pa. Superior Ct. 374, and Commonwealth v. Shankel, 144 Pa. Superior Ct. 476. To permit plaintiff to recover in this action would be in fact changing the adjudication by the county court in that proceeding without notice to defendant or to the court.

We find no justification for such action in the Support Law upon which plaintiff relies. If the Department of Public Assistance was dissatisfied with the amount of the order in county court, it could have made itself a party to those proceedings and questioned the propriety of the order. Such authority to sue for money owing to a ward is found in section 5 of the Assistance Act of June 24, 1937, P. L. 2045, 62 PS §1975, its supplements and amendments.

We do not interpret subsection (a) of section 5 as authority for the department to institute a separate suit for money due its wards when such a suit is already pending; or if it did not wish to question the propriety of the order, it could have asked the court to award to it the payments made by the husband under that order by way of reimbursement for its expenditures. However, having failed to do so, it may not now seek to increase the responsibility of defendant by this suit.