## Commonwealth ex rel. Thompson v. Thompson, Appellant.

Argued March 20, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Manfred Landau,* with him *Romain C. Hassrick,* for appellant.

*Stanley Bashman,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney, *Thomas M. Reed,* Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY ROSS, J., July 17, 1952:

On April 26, 1946 Eva B. Thompson filed a petition in the Domestic Relations Division of the Municipal Court of Philadelphia County against Benjamin D. Thompson, her husband, asking for support for herself and her two minor children. An order of support in the sum of $32.50 was entered on September 10, 1946, and the husband's petition to reduce filed thereafter was dismissed on December 19, 1947. No appeal was taken from either of these rulings.

The present appeal arose in this manner: On October 20, 1949 Benjamin D. Thompson filed a second petition to reduce and an amended petition to reduce on January 23, 1950. Meanwhile, however, on January 5, 1950, his wife filed her own petition seeking an increase in the order. After hearings on the cross petitions the court below dismissed the husband's petition to reduce and increased the order of September 10, 1946 from $32.50 to $38.00 a week. This appeal by the husband followed.

The Act of June 19, 1939, P. L. 440, sec. 1, 17 PS sec. 263, provides "Any order heretofore or here-

after made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may at any time, remit, correct or reduce the amount of any arrearages, as the same may warrant." Thus, orders of support are not regarded as final and may be increased, reduced or vacated where the financial condition of the parties changes, or where other proper reasons are shown. But the party seeking modification of a support order has the burden of showing, by competent evidence, such a change or changes in conditions as will justify modification. *Com. ex rel. Crandall v. Crandall*, 145 Pa. Superior Ct. 359, 21 A. 2d 236; *Com. ex rel. Mazon v. Mazon*, 163 Pa. Superior Ct. 502, 63 A. 2d 112.

Appellee's petition to increase the sum moving to her and the children under the order of September 10, 1946 is based upon an alleged improvement in the financial condition of her husband and an increase in the cost of maintaining herself and the children. Appellant does not now question the appellee's need for more money; he does argue, however, that there is no evidence of an improvement in his financial condition.

On September 10, 1946, when the order of $32.50 a week was made, the appellant, a minister, had a monthly income from all sources of $288.33. At the hearing which gave rise to this appeal, appellee testified that her husband's income had risen to $322.68 a month. The appellant admitted a weekly income of $73.82 or, for purposes of comparison, $319.89 a month. The court resolved the small difference in appellee's favor.

Further, the court below found that appellant "has either equitable title or a beneficial interest" in certain real property located at 2121 North 18th Street in the City of Philadelphia. This circumstance influenced the court in increasing the order from $32.50

to $38.00 a week. The property in question was purchased on April 27, 1949, and record title is in the names of Thomas F. Thompson and Queen R. Thompson, brother and sister-in-law of appellant. The evidence tending to support the finding of the court may be summarized as follows: The appellant testified, "I have about $2,500 in 2121 North 18th Street." He signed the agreement of sale and he alone attended the closing. Appellant executed a collateral bond and mortgage in the just sum of $3,000. When the vendees became entitled to possession, the appellant proceeded to remodel the house into apartments. Some $5,150 was expended to make alterations and it appeared that appellant arranged and paid for said alterations. Included in the cost of converting the house to rental apartments was a bill for "painting, papering and so forth" in the sum of $140. This sum was paid by the appellant to his brother, the record title holder. When the alterations were completed and the apartments rented, the rents arising therefrom were collected by a real estate firm and paid over to appellant. Appellant was asked how his brother, who lived in New York, happened to purchase real estate in Philadelphia. His answer was that his brother wanted to provide a place for him to live.

The appellant testified that the $2,500 he paid over to the vendors was in the nature of a loan to his brother to be repaid by the latter at six per cent. interest. There was, however, no written agreement with respect to this alleged arrangement and no payments on account had been made by the brother. The appellant stated that he was "acting for [his] brother" when he signed the agreement of sale, when he attended the closing, made the alterations and received the rents. Thomas F. Thompson was not called to corroborate appellant's statements. Appellant does not explain why he executed the collateral bond and mortgage, nor does he

explain why he paid his brother for work on a property which the brother is supposed to own.

With testimony such as that before it, it was certainly proper for the court below to infer that the appellant had some beneficial interest in 2121 North 18th Street. Further, it was proper for the court to consider appellant's apparent interest in the property in connection with its determination of his ability to pay. In considering the sufficient ability of the husband to pay, not only the actual amount shown to have been received, but also the attendant circumstances, must be considered. *Com. v. Elliott,* 157 Pa. Superior Ct. 619, 43 A. 2d 630; *Com. ex rel. Slocum v. Slocum,* 161 Pa. Superior Ct. 473, 55 A. 2d 565.

In *Com. ex rel. Bush v. Bush,* 170 Pa. Superior Ct. 382, 86 A. 2d 62, relied upon by the appellant, the order directed the defendant to pay $225 monthly for the support of two children. The defendant had remarried and lived with his second wife and her three children in a home owned by him. Defendant's total earnings were $655 a month after taxes and pension contributions. His expenses were $178 a month, leaving a balance of $477 monthly for the discharge of debts totalling $10,900 and his other obligations, including any support order. We reduced the order from $225 to $180 a month stating, inter alia: "The amount of an order for support must be fair and not confiscatory. The purpose is support and welfare of the children, *and not punishment of the father*; and the order should be justified by the earning ability of the defendant, making reasonable allowance for his own living expenses."

The instant case is distinguishable. Here the order covers support for the wife as well as two children and such order will of necessity constitute a higher percentage of the husband's income. Here too the husband has failed to establish at least a part of his living

expenses. He testified that his "address" was 1759 Norwood Street, Philadelphia, but that he rented an apartment for $45 a month at 2121 North 18th Street where he "spent part of his time". Aside from the doubt cast upon appellant's testimony by the fact that he had an interest in the property, he was unable to produce any receipt or cancelled check showing payment of the rent and was evasive when questioned with respect to the manner and time of payment. Finally, the order in the present case provides a bare minimum to support the appellee and her two children. There is little or no room for adjustment without depriving them of the necessities of life. Such was not the situation in the *Bush* case.

In a case of this nature we do not interfere with the determination of the court below unless there is a clear abuse of discretion (*Com. ex rel. Barker v. Barker,* 160 Pa. Superior Ct. 263, 50 A. 2d 739), and in the record before us we find no such abuse of discretion.

Order affirmed.