## Commonwealth ex rel. Dulles *v.* Dulles, Appellant.

Argued March 23, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Edwin P. Rome,* with him *Blank & Rudenko,* for appellant.

*Claude C. Smith,* with him *Henry T. Reath,* and *Duane, Morris & Heckscher,* for appellees.

OPINION BY ERVIN, J., July 17, 1956:

In this nonsupport proceeding we have for consideration the single question of whether the defendant was immune from personal service.

In the complaint it was averred that the two minor sons, by their mother and natural guardian, bring this action for support against their father; that their parents were divorced on April 28, 1949; that from 1947 until the present, defendant has wilfully and maliciously failed to provide financial or other support for the minor complainants and such support has come solely from the mother; that defendant has no regular employment and lives from income and principal of accumulated inherited wealth, and his income is believed to approximate $100,000.00 per year.

A de bene esse appearance was entered in behalf of the defendant and preliminary objections were filed raising the question above mentioned.

Following two hearings for the taking of evidence and the dismissal of the preliminary objection by the lower court this appeal was taken.

The lower court found as a fact that the immunity from service of process had terminated prior to October 31, the date when defendant was served. In the absence of a clear abuse of discretion an appellate court will not nullify the fact finding function of the hearing judge. If the finding of fact in this type of case has competent evidence to sustain it, we will not reverse the finding and substitute our judgment for his. *Com. ex rel. v. Betts,* 76 Pa. Superior Ct. 96, 98; *Com. ex rel. v. May,* 77 Pa. Superior Ct. 40, 44; *Com. v. Gensemer,* 122 Pa. Superior Ct. 456, 457, 185 A. 867; *Com. ex rel. Blumhardt v. Blumhardt,* 129 Pa. Superior Ct. 443, 446, 195 A. 790; *Com. ex rel. Knouse v. Knouse,* 146 Pa. Superior Ct. 396, 398, 399, 22 A. 2d 618; *Com. ex rel. Thompson v. Thompson,* 171 Pa. Superior Ct. 49, 54, 90 A. 2d 360.

The credibility of witnesses and the weight to be given to their testimony by reason of their character, intelligence and knowledge of the subject can best be determined by the judge before whom they appear. *Com. ex rel. Harry v. Eastridge,* 374 Pa. 172, 177, 97 A. 2d 350; *Com. ex rel. Shroad v. Smith,* 180 Pa. Superior Ct. 445, 451, 119 A. 2d 620.

The situation out of which this controversy arises can be gleaned from the following excerpts from the lower court's opinion: "There is a long history of litigation between Leib Harrison Dulles, the Defendant, and his divorced wife, Gweneth Betty Dulles, in the Courts of Philadelphia County. There is or has been

502

litigation in Common Pleas No. 2, Common Pleas No. 4 and Common Pleas No. 7. The proceeding in Common Pleas No. 7 is an interpleader proceeding involving the Girard Trust Company as Garnishee as well as the parties. Judge CRUMLISH, in a very laudable effort to settle all the involved financial questions in one proceeding, agreed to hear the case without a jury, and Judge CRUMLISH entered a formal order to that effect on November 10, 1954.

"There were several conferences in Judge CRUMLISH'S Chambers, where, among other questions, there was a discussion of a grant of immunity to Leib Harrison Dulles, as a condition to his appearing and giving testimony. Mr. Dulles was then living outside the United States.

". . . Judge CRUMLISH testified that it was *his understanding* that the immunity was to extend not only to the period of time covering Mr. Dulles' testimony, but also to an additional time covering the period required for presenting Requests for Findings of Fact and Conclusions of Law—this was not discussed or covered by any agreement, express or implied nor was Mr. Dulles' presence in any way necessary to accomplish that end. John Hannum, a distinguished member of the Bar, who was present at the conferences as Counsel for the guardian ad litem of one of the minor children, but who is otherwise disinterested in the present dispute, testified that there was no discussion as to how long the immunity was to last nor was there any discussion at all about the totally unnecessary presence of Mr. Dulles as far as the filing of Requests for Findings of Fact and Conclusions of Law is concerned.

"As a matter of fact, Mr. Dulles' testimony was concluded on September 21st and final testimony in the proceeding before Judge CRUMLISH was concluded on September 30, 1955. The only thing to be added was

a Stipulation to be presented by Mr. Hannum, Counsel for the guardian ad litem. There followed a period of negotiations between Counsel for the respective parties concerning the possibility of an amicable settlement of the entire controversy. But on October 12th, the negotiations were definitely and finally broken off. Thus, it will be seen that thirty days elapsed between the time that testimony before Judge CRUMLISH was concluded and the time that the Defendant was served with the complaint for support, and nineteen days elapsed between the termination of negotiations for settlement and the time of service of the complaint."

In addition to the testimony of Mr. Hannum, who refreshed his memory from notes of the March 17, 1955 meeting with Judge CRUMLISH, Mr. Henry T. Reath, counsel for Mrs. Dulles, and two of his associates, H. A. Meinzer and J. B. Martin, all of whom refreshed their recollection from notes, testified that there was a verbal agreement of counsel that Mr. Dulles, who had been in Europe, would be immune from service in any other matter if he came to testify in this support proceeding; that no mention was made of the duration of the immunity; that no mention was made that the immunity would extend following Mr. Dulles' testimony until all evidence had been entered in the case and until the findings of fact and conclusions of law were prepared and filed; that no order of court was made either verbally or in writing concerning the immunity. Mr. Edwin P. Rome, who was present at the March 17 hearing and who represents Mr. Dulles, did not testify. The lower court could well have assumed that the facts were as stated by the above named witnesses in the absence of any testimony to the contrary.

The lower court in its opinion said: "This Court is of the opinion that the grant of immunity was not unlimited and that it must be construed as extending

only for a reasonable time. Once the testimony was concluded there was no necessity for Mr. Dulles' presence in the jurisdiction. Of course, while negotiations for settlement were pending, the agreement to extend immunity should be construed as continuing in effect. But once these negotiations were finally terminated, Mr. Dulles' immunity terminated except for the period of time necessary to prepare for his removal from the jurisdiction. The Court is of the opinion that a period of nineteen days to leave the jurisdiction is far beyond the requirements of necessity or even convenience, and, of course, his presence for the filing of Requests is totally unnecessary."

We have carefully read all of the evidence in this record and we do not understand how the lower court could have found other than it did. The lower court certainly did not abuse its discretion in so finding.

It is almost universally recognized that parties and witnesses in attendance on a court outside the territorial jurisdiction of their residence are immune from service of civil process while attending court, and for a reasonable time before and after, in going to court and returning to their homes. This rule of immunity obtains in Pennsylvania. *Cowperthwait v. Lamb,* 373 Pa. 204, 206, 95 A. 2d 510.

It is not a privilege of the individual, however, but of the court itself and exists that the business of the courts may be expedited and justice duly administered by insuring immunity to those who might not otherwise appear and whose attendance is necessary to the proper trial of a case. Because this exemption constitutes a derogation of a natural right of party creditors, it should not be enlarged beyond the reason upon which it is founded and should be extended or withheld only as judicial necessities require. *Crusco v. Strunk Steel Co.,* 365 Pa. 326, 328, 74 A. 2d 142.

"No definite rule can be laid down in regard to that which constitutes a reasonable time, the question depending very largely on the facts and circumstances surrounding each particular case. In order to have the benefit of the privilege, it is not necessary that the person shall set out immediately after the trial or return by the next train. A slight delay will not forfeit the privilege provided he acts in good faith, and the delay is not for the purpose of transacting private business." 1 Standard Pa. Prac. 447.

In the present case Mr. Dulles' testimony was concluded on September 21 and final testimony in the proceeding before Judge CRUMLISH was concluded on September 30, 1955. The only thing to be added was a stipulation to be presented by Mr. Hannum, counsel for the guardian ad litem. Negotiations for settlement were definitely broken off and concluded on October 12. On October 31, 1955 defendant was served at the Roosevelt Hotel, where he and his present wife were living in an apartment. This was a full month after the testimony had been concluded and 19 days after the settlement negotiations had definitely broken off. The temporary immunity granted the defendant could not have been and was not intended to cover this lengthy period of time after the conclusion of his testimony. His presence until the findings of fact and conclusions of law had been prepared by counsel and presented to the court could not in any way assist the court in the performance of its duties. The judicial necessities did not require any such extension of the exemption from service and we can conceive of no useful purpose in so extending it.

The public policy which enforces the obligation of a father to support his children should serve to terminate the immunity as soon as the judicial necessities of the case have been served. Therefore, we are of the

opinion that as a matter of law the immunity had been terminated prior to the service of the complaint in this case.

We do not intend to discuss in this opinion the question of whether the privilege of immunity from service of process applies to an action such as this. It could be argued that this action has certain characteristics which make it quasi-criminal in nature and that the immunity principle does not apply to such a proceeding. We will not decide this question now.

If we should determine that this is an agreement between the parties to extend the period of immunity beyond that covered by the law, then we are definitely of the opinion that such an agreement would not be binding upon the minors in their support action. *Com. v. Beavin,* 168 Pa. Superior Ct. 73, 75, 76 A. 2d 653.

The order of the lower court dismissing the preliminary objections is affirmed at the cost of the appellant.