## Commonwealth ex rel. Markley v. Markley

*Power, Bowen & Valimont,* for Commonwealth.
*Vanartsdalen & Pratt,* for defendant.

FULLAM, J., September 30, 1963.—This proceeding under "The Pennsylvania Civil Procedural Support Law", Act of July 13, 1953, P. L. 431, 62 PS §2043.31, et seq., was instituted by the filing of a complaint on December 28, 1962. On the same date, an order was entered, fixing a date for hearing. On December 31, 1962, defendant was personally served with a copy of the complaint and order, in Yardley, Bucks County. Defendant has petitioned this court to set aside the service of process upon him.

On the present state of the record, the sole issue before the court is whether or not defendant, at the time of service, was immune from such service. It appears that defendant has instituted divorce proceedings against relatrix in the Court of Common Pleas of Northumberland County, and that, in conjunction with the divorce proceedings, defendant sought and obtained from that court an order conferring upon defendant certain temporary visitation rights with respect to the minor child of the parties, then and now residing in Bucks County. This order was entered December 24, 1962, and provided that the present defendant should have "temporary custody of and visitation rights with his minor daughter, Lisa Markley, beginning December 27, 1962, and ending December 30, 1962." The order further provided "upon conclusion of these visitation rights it is DIRECTED that the plaintiff father [defendant in our proceedings] return the custody of his minor daughter, Lisa Markley, to her mother, Rosalie S. Markley". Subsequently, on the

same date, the order was amended by stipulation to provide as follows: "The date on which the plaintiff, Sydney M. Markley, is directed to return the custody of Lisa Markley to her mother is changed from December 30, 1962 to December 31, 1962 at 6 p. m."

It is the contention of defendant that, since his presence in Bucks County at the time of service was necessitated by and was in compliance with the above quoted order of the Court of Common Pleas of Northumberland County, he was immune from service of process.

It may be noted preliminarily that the visitation order was obtained by defendant himself. Moreover, the order by its terms did not require defendant's personal presence in Bucks County. But even if we disregard these factors, it is clear that the doctrine of immunity would not apply to such a situation.

While witnesses and parties in attendance upon a court outside the jurisdiction of their residence are immune from service of civil process while attending court, and for a reasonable time before and after, in going to court and returning to their homes, our Superior Court has said of this immunity:

"It is not a privilege of the individual, however, but of the court itself and exists that the business of the courts may be expedited and justice duly administered by insuring immunity to those who might not otherwise appear and whose attendance is necessary to the proper trial of a case. Because this exemption constitutes a derogation of a natural right of party creditors, it should not be enlarged beyond the reason upon which it is founded and should be extended or withheld only as judicial necessities require.": Commonwealth ex rel. Dulles v. Dulles, 181 Pa. Superior Ct. 498, 504. See also Crusco v. Strunk Steel Company, 365 Pa. 326, 328. None of the policy considerations upon which the immunity rule is based have any application to the facts of the present case.

And finally, as noted by the Superior Court in the Dulles case, supra, it is doubtful whether the immunity doctrine applies in any case in the Court of Quarter Sessions for the enforcement of support, in view of the quasi-criminal nature of such proceedings.

Needless to say, our present decision is merely that service of the complaint and order upon defendant was valid and should not be set aside. Whether there may be legal or practical considerations precluding the entry or enforcement of a support order by this court we do not now decide.

*Order*

And now, September 30, 1963, for the reasons set forth in the foregoing opinion, defendant's petition to set aside service of process is denied.