# Pennsylvania Warehousing and Safe Deposit Company v. Pickering

*John F. Solomon, Jr.*, and *Henderson, Wetherill & O'Hey*, for plaintiff.

*Thomas E. Waters* and *Waters, Fleer, Cooper & Gallagher*, for defendant.

FORREST, P. J., August 3, 1965.—The question presented to this court herein is whether a nonresident defendant in a nonsupport case is immune from the service of process while in attendance at the nonsupport hearing and for a reasonable time thereafter? The dilemma in this instant situation is best expressed in an excerpt from 19 Univ. of Pittsburgh Law Review 416, 435 (1958), as follows:

"It is not decided whether a nonsupport proceeding has such a criminal flavor that the traditional exemption does not apply, in view of the rule that the criminal defendant is not exempt from service. The criminal defendant is not exempt because he has no choice about appearing in the state, he is brought in frequently against his will. On the other hand, the civil defendant may stay away, and the exemption is to induce him to come in, the thought being that the quality of our justice is thus improved if all who can shed light on the dispute are heard."

It has been well established that nonresident parties and witnesses attending court outside this jurisdiction are given immunity from service of process and for a

reasonable time after the conclusion of a civil action: Cowperthwait v. Lamb, 373 Pa. 204 (1953). The rationale behind this immunity is to encourage nonresident defendants and witnesses to attend such civil trials, and this immunity from service is afforded the individual only to expedite the business of the courts: Commonwealth ex rel. Dulles v. Dulles, 181 Pa. Superior Ct. 498, 504 (1956). In the case of Eberlin v. Pennsylvania Railroad Company, 402 Pa. 520, 522 (1961), the court said:

"The privilege of exemption from service of civil process enjoyed by a nonresident suitor or witness in a civil action is not a privilege of the individual but of the court itself and exists that the business of the court might be expedited and justice duly administered. Crusco v. Strunk Steel Company, 365 Pa. 326, 328, 74 A. 2d 142 (1950). The privilege is only extended as judicial necessities require and should be denied if the court feels that under the circumstances the judicial necessity is not great enough to require it."

It is also established that nonresident defendants in criminal trials are not entitled to immunity from service of process: Crusco v. Strunk Steel Co., 365 Pa. 326 (1950). In the Crusco case, the court discussed the effect of immunity on the general rule that a creditor may subject his debtor to service wherever found. The court said, at page 328:

"The privilege of exemption from service of civil process enjoyed by a non-resident suitor or witness in a civil action has long been recognized by our courts to be an exception to the general rule that a creditor may subject his debtor to service in whatever jurisdiction he may find him . . . Because this exemption constitutes a derogation of a natural right of party creditors, it should not be enlarged beyond the reason upon which it is founded and should be extended or withheld only as judicial necessities require . . ."

In the instant situation, defendant, Loring Pickering, attended a nonsupport hearing within this county, having entered this jurisdiction for that purpose from Lanham, Md. Upon conclusion of the nonsupport hearing, he was served in an assumpsit action by plaintiff in this suit. It should be pointed out that plaintiff in this action is a creditor of Pickering and was in no way involved in the nonsupport matter.

This court feels that because of the quasi-criminal nature of nonsupport proceedings and the general rule above described, which encourages service on debtors where they are found, defendant, Loring Pickering, is entitled to no immunity from service of process while attending the nonsupport hearing in this county. Although the court found no appellate decisions directly on point within the Commonwealth, our attention was properly directed to the case of Commonwealth ex rel. Markley v. Markley, 31 D. & C. 2d 454 (1963), where the court said, at page 457:

"And finally, as noted by the Superior Court in the Dulles case, Commonwealth ex rel. Dulles v. Dulles, supra, it is doubtful whether the immunity doctrine applies in any case in the Court of Quarter Sessions for the enforcement of support, in view of the quasi-criminal nature of such proceedings."

This reference to the Dulles case points to the following statement from the Superior Court's opinion, at page 506:

"We do not intend to discuss in this opinion the question of whether the privilege of immunity from service of process applies to an action such as this. It could be argued that this action has certain characteristics which make it quasi-criminal in nature and that the immunity principle does not apply to such a proceeding. We will not decide this question now."

Based upon these two excerpts, the general rule favoring service upon debtors wherever found, and the

quasi-criminal basis of a nonsupport proceeding in quarter sessions court, Loring Pickering should not be entitled to any immunity from service of process while in attendance at the nonsupport action commenced by his wife.

And now, August 3, 1965, the preliminary objections raising the question of jurisdiction filed on behalf of defendant, Loring Pickering, are dismissed and defendant is directed to file an answer within 20 days from this date.