## Oshtry v. Smith

*Sanford Kahn*, for plaintiff.

*Jerome N. Berenson*, for defendant.

GREENBERG, J., April 6, 1970.—Defendant has filed the preliminary objection presently before us in the nature of a petition to set aside the service of the writ of summons in this matter.

Plaintiff's cause of action herein arose from an alleged breach of oral contracts entered into in March and May of 1969 by plaintiff and defendant. Defendant, an attorney who lives in Maryland and is a practicing member of the bar of that State, allegedly retained plaintiff, a Philadelphia attorney, to assist him in the preparation and trial of a number of criminal cases then pending in the criminal courts of Philadelphia County, and to engage in research and obtain certain documents relating to a matter in the Federal District Court for the Eastern District of Pennsylvania. Plaintiff has averred in his complaint that despite performance of this agreement on his

part and his demand for payment of the fee for his services which had been agreed upon, defendant failed and refused to pay the amount claimed to be due or any part thereof.

Various of the above-mentioned criminal cases apparently were scheduled for trial on November 20, 1969, and defendant was present in Philadelphia on that date to represent a number of defendants with the assistance of Jerome H. Berenson, Esq., who was then acting as local counsel. While in Mr. Berenson's office in Philadelphia on that day, defendant was served with a writ of summons in the above-captioned matter by a deputy sheriff. Defendant has filed the preliminary objection now before us, seeking to set aside the service of the writ of summons on the ground that his presence in this jurisdiction resulted from his participation in the business of the local courts, and that he was thereby entitled to immunity from service of process.

The courts of this Commonwealth have consistently held that immunity from service of process is not a privilege of the individual but of the court itself, and exists so that the business of the court might be expedited and justice duly administered: Eberlin v. Pennsylvania Railroad Company, 402 Pa. 520, 167 A.2d 155 (1961); Crusco v. Strunk Steel Co., 365 Pa. 326, 74 A.2d 142 (1950). The privilege has generally been construed narrowly and is only extended as judicial necessities require. As explained by the Supreme Court in the Crusco case:

"The privilege of exemption from service of civil process enjoyed by a non-resident *suitor* or *witness* in a civil action has long been recognized by our courts to be an exception to the general rule that a creditor may subject his debtor to service in whatever jurisdiction he may find him . . . Because this exemption

constitutes a derogation of a natural right of party creditors, it should not be enlarged beyond the reason upon which it is founded and should be extended or withheld only as judicial necessities require.": 365 Pa. 326, 328 (1950). (Italics supplied)

The rule of immunity from service of process which is controlling in Pennsylvania was set forth succinctly in Cowperthwait v. Lamb, 373 Pa. 204, 95 A.2d 510 (1953). There, the court stated that "[i]t is almost universally recognized that *parties* and *witnesses* in attendance on a court outside the territorial jurisdiction of their residence are immune from service of civil process while attending court, and for a reasonable time before and after, in going to court and returning to their homes.": 373 Pa. 204, 206 (Italics supplied). As in the Crusco case, supra, the court in Cowperthwait, in reciting the general rule, held the immunity privilege to apply only to parties and witnesses. See also Commonwealth ex rel. Dulles v. Dulles, 181 Pa. Superior Ct. 498 (1956).

In the case at issue, defendant was neither a party nor a witness to the judicial proceedings which he entered this jurisdiction to attend. Defendant was retained by various clients to represent them in the courts of Philadelphia County. It was while he was so employed that he was served with the writ of summons to which he has objected. Defendant has been unable to refer us to any appellate decision in this State which would extend the immunity privilege beyond "parties" and "witnesses" so as to include attorneys within its purview. In fact, the only case cited by defendant which would so expand the rule was a matter before the Court of Common Pleas of Luzerne County which dealt with this issue only tangentially by way of dicta. See Capparell v. Schultz, 38 D. & C. 2d 543 (1965).

There is, however, an equally compelling reason for sustaining the validity of the service in this case. Accepting plaintiff's well-pleaded facts as true, as we must for the purposes of the preliminary objection at issue, we find that it is not at all inequitable that defendant be required to defend this action in the courts of Philadelphia County, Pa. The major portion of plaintiff's damages arise from the breach of an oral contract which allegedly was entered into by the parties in Philadelphia. The subject matter of this agreement was the legal services rendered by plaintiff for defendant's benefit in Philadelphia concerning the preparation and trial of certain persons in the criminal courts of this county. In addition, and of even greater significance, is the fact that defendant was present in this jurisdiction at the time of service of the writ to act as counsel in the cases in which plaintiff had been retained to provide assistance. Defendant's alleged actions in this manner, if true, thereby constituted an attempt on his part to capitalize upon the work which plaintiff allegedly had completed and for which defendant had failed to compensate him. Basically, defendant's purpose in entering this jurisdiction on the day on which he was served with the writ of summons was to engage in the practice of law. Although this required attorney defendant to be in court, we see no distinction between that situation and the circumstances where one enters a jurisdiction to conduct any other manner of business. This being the case, we can find no judicial necessity to extend the immunity privilege to this defendant under the circumstances which exist in this matter.

Defendant has referred us to the cases of Eastburn v. Turnoff, 394 Pa. 316, 147 A.2d 353 (1959), and Cowperthwait v. Lamb, supra, as reflections of the extension of the immunity privilege by the Supreme

Court of Pennsylvania. These cases, however, add little support to defendant's position. In the former case, service was set aside where defendant had been lured into the jurisdiction through the fraud, trickery and entrapment of plaintiff, while in the latter case immunity from service was extended to a "party" in a Department of Revenue hearing for suspension of an automobile operator's license.

For these reasons, we felt that the service of the writ of summons in this matter upon defendant was valid and proper, and, therefore, we dismissed his preliminary objection in the nature of a petition to set aside the service.