### Clark v. Honegger Farms Company, Inc.

*Edward I. Dobin,* for plaintiff.
*Richard J. Habgood,* for defendant.

BECKERT, J., May 3, 1972.—The instant action involved a demand for judgment by plaintiff, W. Gregory Clark (Clark) against defendant Honegger Farms Co., Inc., (Honegger) founded on two separate counts.

In the first count, Clark seeks indemnification from Honegger for the sum of $130,614.19, which is the amount of a judgment entered against Clark by the Citizens National Bank of Decatur, Illinois (Bank) pursuant to the Uniform Enforcement of Foreign Judgments Act of December 22, 1965, P. L. 1157, 12 PS §921, and was based upon a judgment entered by confession in the State of Illinois. Clark contends that the amount of this judgment is properly payable by Honegger, pursuant to a written "loan agreement" dated May 8, 1967, executed by Clark, Honegger and an officer of the bank, *and* in the second count, Clark seeks judgment in the further sum of $13,716 for profits allegedly due to him under his employment contract with Honegger.

A writ of summons in the instant case was personally served upon Wilman E. Davis (Davis), president of Honegger, on June 4, 1970, at the law offices of Cadwallader, Darlington & Clarke, 16 South Main Street, Yardley, Pa. At the time the writ was served Davis had

just completed his oral depositions, which were occasioned by his voluntary appearance as a witness to be deposed by the bank arising from Clark's petitioning to open the judgment entered against him by the bank. Clark has not contested Honegger's allegation that Davis was served before he left the room where his deposition had been taken, so we are bound to accept that as fact.

The matter is presently before us on argument under our local Rule 266 as the result of Honegger having filed preliminary objections to the complaint, alleging therein that proper in personam jurisdiction was never obtained over Honegger, since Davis was in Pennsylvania for the purpose of having his depositions taken in a pending civil case and was, therefore, immune from service upon him of process in another civil case. This is a proper manner under Pennsylvania Rule of Civil Procedure 1017(b)(1) to raise this jurisdictional question: Hayes v. Warstler, 36 D. & C. 2d 429 (1964); Staub v. Okie, 47 D. & C. 2d 518 (1969).

In order to pass upon the matter at hand, it appears that two questions must be answered. First, was Honegger's president entitled to claim immunity from service of process and, second, if Honegger's president ever did enjoy such immunity, was it still in effect at the time that he was served?

We have, in this Commonwealth, exempted from service of civil process persons who come into the jurisdiction as parties or witnesses to litigation, not from lack of power to subject such persons to process, but as a refusal for reasons of policy and the civilized administration of civil justice to exercise an existing power. Therefore, the privilege against service is not a privilege of the individual but of the court itself and exists so that the business of the courts may be expedited and justice duly administered by insuring

immunity to those who might not otherwise appear and whose attendance is necessary: Commonwealth ex rel. Dulles v. Dulles, 181 Pa. Superior Ct. 498 (1956); Crusco v. Strunk Steel Co., 365 Pa. 326 (1950); Suleski v. Brown, 9 D. & C. 2d 694 (1956). Therefore, parties and witnesses in attendance in a court proceeding outside the territorial jurisdiction of their residence are given immunity from service of civil process while attending court and for a reasonable time before and after in going to court and returning home: Cowperthwaite v. Lamb, 373 Pa. 204 (1953); Wood v. Boyle, 177 Pa. 620 (1896). This rule has been held applicable to render immune from service of civil process a party coming within the jurisdiction to attend the taking of depositions: Partridge v. Powell, 180 Pa. 22 (1897); Wetherill v. Seitzinger, 1 Miles 237 (1836).

The immunity, however, should not be enlarged beyond the stated purpose therefor. In emphasizing the limitations which should be imposed upon a court's granting immunity from service of process, the Cowperthwaite court in quoting from Crusco, supra, said at page 206:

" 'The privilege of exemption from service of civil process enjoyed by a non-resident suitor or witness in a civil action has long been recognized by our courts to be an exception to the general rule that a creditor may subject his debtor to service in whatever jurisdiction he may find him.' "

We are presented, therefore, with a clash of opposing policies and must, based on the circumstances of the case before us, determine whether the facts thereof warrant the extension of the court-granted immunity from service of process rule to Davis-Honegger, or whether immunity should instead be denied, based upon some exception to this general rule as previously stated.

A number of decisions have recognized that an exception to the rule of immunity exists where the proceeding where the nonresident witness, litigant or attorney was within the jurisdiction to attend was so related by way of subject matter or issues to the action in which service of process was made as to justify denial of immunity. An illustration of such a line of cases is Shellito v. Grimshaw, 367 Pa. 599 (1951), in which an Ohio plaintiff had filed a trespass action in Pennsylvania and was in this State for the sole purpose of attending a deposition in her own suit. While here, she was served with process in an action by another Ohio resident, who had been a passenger in a vehicle involved in the accident which was the subject of the first suit, to join her as an additional defendant. The court sustained service based upon the desirable policy of avoiding multiplicity of suits by use of third-party procedure. In effect, they were holding that the institution of suit by a person constitutes submission by that person to the jurisdiction of the courts of that county in all matters arising out of the same cause of action or transaction.

The same rationale was used in Eberlin v. Pennsylvania Railroad Company, 402 Pa. 520 (1961), where a nonresident host motorist, who had commenced a negligence action in the Federal courts in Pennsylvania against the railroad as the result of the same collision, was not, while in Pennsylvania for the sole purpose of giving a deposition in the Federal court case, immune from service of process on him as an additional defendant in a State court action arising from the same accident.

It appears that the closeness of the relationship between the respective proceedings has a great bearing on the question of whether the immunity rule should be honored. If there exists a lack of identity of parties

and issues in the two proceedings, there is no reason why the immunity rule should not prevail. See Lienard v. DeWitt, 153 So. 2d 302 (Fla., 1963). This rationale appeals to us for the additional reason that the party sought to be served with civil process has not used, directly or indirectly, the courts and facilities connected therewith in attempting to assert a cause of action of his own.

We have not had brought to our attention, nor have we found from our own research, any case denying immunity to a witness for the above reasons. All of these cases denying immunity deal with *a litigant* who is actively pursuing some legal relief on his own behalf, and we have found none where the identity of parties and issues could be seriously questioned. It is for this reason that we find under the factual circumstances of our case that it is distinguishable from the Shilleto and Eberlin cases previously cited. Davis-Honegger was not a party to the action by the Bank against Clark, even though it does appear that Honegger was involved in transactions underlying the loan made by the Bank to Clark. Clark, however, is not seeking to join Honegger as an additional party to the pending action, but to commence a new action in which the parties would be different, and in which Clark is *not only* attempting to seek indemnification from Honegger for the amount of the judgment entered against him by the Bank, but is *also seeking to recover $13,716 for profits which he contends are due to him under his employment contract with Honegger.* On this second count, it cannot seriously be contended by anyone that either identity of parties or issues exists.

We have found no authority in this Commonwealth extending beyond the doctrine in Shilleto v. Grimshaw, supra, which only went so far as to preclude the grant of immunity where a nonresident commenced an

action here and was later served with process for a cause of action arising out of the same transaction. No policy consideration has been raised which is of greater importance than the allowance of immunity from service as an inducement to testimony by a material witness who might not otherwise appear. We hold, therefore, that Davis was entitled to immunity from service of process while attending deposition proceedings.

The only remaining question is whether Davis sacrificed that immunity as the result of his having come to Pennsylvania for the combined purposes of attending legal proceedings and transacting other entirely unrelated business. In this connection, the depositions of Davis reveal the following questions and answers:

"Q. And where did you come from?

"A. From Honegger Farms, Forrest, Illinois.

"Q. When are you going back?

"A. I am going back to Forrest, Illinois.

"Q. When are you going back?

"A. Tomorrow.

"Q. Is there any reason that you're going back tomorrow rather than today?

"A. Yes, sir. There is another gentleman coming to have a business appointment in the morning.

"Q. Does Honegger Farms presently have any distributors, employees, salesmen, representatives, in the Commonwealth of Pennsylvania?

"A. Let's go over that group again. We have franchise distributors. Yes, sir.

"Q. In the Commonwealth of Pennsylvania?

"A. Yes, sir.

"Q. And what classification would this man be that you're going to meet tomorrow?

"A. Actually, it would be prospecting a franchise.

Operator or arrangement. It has nothing to do with this case. But— . . ."

Clark is, therefore, urging upon us that which has been labeled in other jurisdictions as the "sole purpose doctrine." The State of New York appears to be the champion of this doctrine and succinctly stated the sole purpose doctrine holds that a nonresident litigant is immune from service of civil process only if his sole purpose in coming into the jurisdiction was to attend court as a witness: Finucane v. Warner, 86 N.E. 1118 (N.Y., 1909). However, when a nonresident enters a jurisdiction for the sole purpose of appearing as a witness as distinguished from a litigant, he is not required to refrain from other activities to be exempt from service of process: Lawlor v. Roberts, 300 N.Y.S. 2d 138, 141 (1969).

The other body of law which is accepted on this subject in California and Oklahoma (Hammons v. Superior Court of Los Angeles County, 219 Pac. 1037 (Cal. 1923); Harris Foundation, Inc. v. District Court of Pottowatomie County, 163 P. 2d 976 (Okla., 1945)), has been termed the "controlling reason doctrine." This doctrine subscribes to the principle that a witness is immune from service of civil process if his main and controlling reason for coming into the jurisdiction was to attend the judicial proceedings as a witness, although while in attending he has transacted some other business unrelated to the judicial proceeding. The controlling reason doctrine, to our mind, is more in keeping with the underlying policy of the immunity rule and appeals to us to be most especially appropriate when dealing with a witness as contrasted to a litigant.

Pennsylvania has not adopted either of the above doctrines. Rather, it appears that in this jurisdiction we do not look at what was the party's intent at the

time of entry into the Commonwealth, but what, in fact, he did after his arrival. Both Clark's and Honegger's briefs cite the case of Commonwealth ex rel. Dulles v. Dulles, supra, and at page 505 thereof the following appears:

" 'no definite rule can be laid down in regard to that which constitutes a reasonable time, the question depending very largely on the facts and circumstances surrounding each particular case. In order to have the benefit of the privilege, it is not necessary that the person shall set out immediately after the trial or return by the next train. *A slight delay will not forfeit the privilege provided he acts in good faith, and the delay is not for the purpose of transacting private business.*' " (Italics supplied.)

As the above paragraph states the law of this Commonwealth, we find no difficulty in applying it to the facts before us. Regardless of any statements which may have been made, under oath or otherwise, by Davis as to the dual nature of his visit to Pennsylvania, he was still entitled to his immunity, not only while attending the legal proceedings but also for a reasonable time before and after in going and returning. We do not see how anyone can contend that he was transacting private business at the time he was served with process, since he was served immediately after giving his deposition and before he even had an opportunity to leave the room wherein it was taken. Not only was he not transacting private business, but sufficient time had not elapsed to support an assertion that he had delayed. We have no choice but to find that he was immune from service at the time when it was attempted and that in personam jurisdiction was, therefore, never obtained by Clark over Davis-Honegger. It is for these reasons that we enter the following

## ORDER

And now, May 3, 1972, preliminary objections of defendant, Honegger Farms Co., Inc., are hereby sustained and plaintiff's action is dismissed.